WHISLER *v.* HICKS.

*A.* sold, and by a general warranty deed conveyed, to *B.* certain real estate, in a part of which the wife of *A.*'s vendor had an inchoate right of dower. *Held*, in a suit against *B.* on his note given for part of the purchase-money, that the existence of such right of dower could not be set up as a failure of the consideration of the note.

The rejection by the Court of the last of two replications to the same plea, does not entitle the defendant to a continuance of the cause.

*Thursday,
May 23.*

`APPEAL from the *Henry* Circuit Court.

    DEWEY, J.—This was an action of debt upon a sealed note for 150 dollars, payable the first of *September,* 1837.

    The defendant below pleaded a failure of consideration, stating that the note was given to secure the payment of a part of the consideration money for 180 acres of land, which he had purchased of the plaintiff below at the price of 1,000 dollars ; that at the time of making the contract, the latter executed to the former a bond conditioned to make him a title to the land by general warranty deed by the first of September, 1836, which bond had been destroyed, and could not therefore be produced in Court ; that sixty-five acres of the land had been conveyed to the plaintiff by one *Isaac Personett* and *Mary* his wife ; that the latter, at the time of executing the deed of conveyance, was under the age of twenty-one years ; that she had never, since her arrival at full age, relinquished her right of dower in the sixty-five acres of land, but at the time of conveyance had, and ever since has had, a subsisting unextinguished right of dower in the same, of a value greater than the sum due by the note ;

that the plaintiff, therefore, had not made and could not make to the defendant a good title to the sixty-five acres of land ; and that the defendant had paid the full price of the 180 acres of land, except that part of it which was secured by the note declared on.

, The plaintiff filed two replications ; first, that he had executed and delivered to the defendant a good and sufficient deed of conveyance of the 180 acres of land pursuant to the condition of the bond, and that the defendant had accepted and received it in discharge of the bond, and had given up the same to be cancelled ; secondly, that the bond was not destroyed.

The defendant moved the Court to set aside one of the replications ; upon which the Court rejected the second, the plaintiff having refused to elect upon which he would rely. The defendant then demanded a continuance of the cause, on the ground that the plaintiff had made a substantial amendment of his pleadings. The motion was overruled.

The defendant then rejoined, that at the time the plaintiff executed the deed mentioned in the replication, he had not a good title to the sixty-five acres of land aforesaid, in this, namely, " that the said *Mary Personett* then had and still has a good and valid claim to dower" in the same.

The plaintiff demurred to the rejoinder ; the demurrer was sustained, and final judgment rendered for the plaintiff.

The errors assigned are, first, the refusal of the Court to continue the cause ; and, secondly, sustaining the demurrer.

In support of the first assignment of error, the appellant relies upon the provision of the practice act, that the material amendment of pleading by one party shall be a good cause of continuance by the other party. R. C. 1831, p. 406.

We do not think this ground is tenable. The rejection by the Court of the last of two replications to the same plea, is not an amendment of his pleading by the party whose replication is set aside ; and if it were, in the case before us, it was not a matter of substance. It could do no possible injury to the adverse party ; it could not take him by surprise, or require a change in his defence. It is not within the letter or spirit of the statute.

The question raised by the demurrer is simply this—Can an inchoate right of dower, in the wife of a remote vendor,

to premises which have been sold and conveyed by his vendee by deed of general warranty to a subsequent purchaser, be set up by that purchaser as a failure of the consideration of a note given by him to his immediate vendor for the price of the land ?

In solving this question we have not to decide whether, while the contract between these parties was executory, the defendant was bound to receive the deed under the circumstances of the case ; nor whether there might not have been such a want or failure of title to the land contracted to be conveyed to him, as would have constituted a good defence against the note. These latter inquiries have been answered affirmatively by a former decision of this Court. *Leonard* v. *Bates*, 1 Blackf. 172. See, also, *Jones* v. *Gardner*, 10 Johns. 266.

The defendant by accepting the deed—a fact which 'is admitted by the silence of the rejoinder on that subject— evinced his intention not to rescind the contract for the land. He accepted a general warranty deed, which must be presumed to contain the usual covenants of seisin, right to convey, freedom from incumbrance, and warranty of title. There could be no breach of the covenant of seisin, or of that of right to convey, without a want of title on the part of the vendor; but had either of these covenants been broken, there is no doubt but the defendant might have alleged that matter as a 'failure of the consideration of the note given for a part of the purchase-money, and have also recovered back that portion of the price with interest, which he had paid. He might, also, have sustained a suit immediately after the execution of the deed for the existence of any incumbrance upon the land ; but to entitle himself to more than nominal damages, he must first have extinguished the incumbrance. Had he done so, the sum reasonably expended in accomplishing that object would have been the measure of damages. *Delavergne* v. *Norris*, 7 Johns. 358.—*Stanard* v. *Eldridge*, 16 Johns. 254.—Sugd. on Vendors, 606. Am. ed.

The contingent right of dower of *Mary Personett*, in a part of the premises purchased by the defendant of the plaintiff, was not a breach of the covenant of seisin, or of that of right to convey ; it was a mere incumbrance, and, unextinguished, could have been the foundation of nominal damages

only. *Prescott* v. *Trueman*, 4 Mass. 627.—*Chapel* v. *Bull*, 17 Mass. 213.

It would be improper, we think, to suffer the defendant to set up, as a failure of the consideration of this note, a matter for which, had he resorted to an action on the covenant in his deed, he could have recovered merely nominal damages. The impropriety of such a defence is evident, if it be considered that the right of dower of which the defendant complains is not perfect, and may never exist in a form which can injure him. It is clearly more consonant to justice, that the defendant should seek his remedy on the covenants in his deed after he shall have been injured by the right of dower, than that he should pocket, at the expense of the plaintiff, money which he may never be required to refund.

Had the defendant purchased in the right of dower, his situation would have been different. In that event, he would have been entitled to recover of the plaintiff any sum reasonably disbursed for that purpose, or, to avoid a circuity of action, he might have alleged a failure of the consideration of the note to the amount so expended (1).

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*D. Macy* and *C. B. Smith*, for the appellant.

*J. S. Newman*, *C. Fletcher*, and *O. Butler*, for the appellee.

(1) Vide *Smith et al.* v. *Ackerman*, *May* term, 1841.