### HOOKER and Others *v.* FOLSOM, Administrator.

To constitute a breach of the covenants of warranty and seizin in a deed of land, there must have been an entire want of title in the grantor when the deed was executed, or a subsequent eviction by paramount title.

ERROR to the *Clay* Circuit Court.

DAVISON, J.—Debt by *Folsom* against *Hooker* and others, on a writing obligatory for the payment of 100 dollars. Plea, failure of consideration.

The plea alleges that the writing obligatory sued on, was given in part payment, viz., for the one-third of the purchase-money of a certain tract of land purchased by said *Hooker* of one *Lewis L. Davis*, who directed the writing obligatory to be made to the plaintiff below; that *Davis* conveyed the land to *Hooker* by deed in fee, with covenants of warranty and seizin; that the only title *Davis* had to the land was obtained by him at sheriff's sale upon two executions issued on two judgments ren-

dered in the *Clay* Circuit Court, in favor of one *Osborn* and against one *Rawley*, on the 20th of *October*, 1845; that afterwards, on the 6th of *March*, 1846, the same lands were sold to one *Beasley*, by the sheriff of *Clay* county, on an execution issued upon a judgment rendered in the same Court against said *Rawley*, on a day previous to the 20th of *October*, 1845; that *Beasley* had obtained a deed from the sheriff in pursuance of the sale to him, and had commenced ejectment against *Hooker* for the recovery of the land, which action was then pending in said Court.

May Term,
1853.

Hooker
v.
Folsom.

Demurrer to the plea sustained. Judgment for the plaintiff.

The plea avers that *Hooker* received a deed from *Davis* for the land, with covenants of warranty and seizin; but does not allege a breach of either of the covenants. Had either of them been broken before suit brought on the writing obligatory, *Hooker* might have set up that matter in his plea, as a failure of consideration.

The sheriff's sale to *Beasley* may vest in him the paramount title to the land; but such title being in him would constitute no defence to this action, until there was an eviction. That such eviction had taken place is not shown by an averment in the plea that *Beasley* had commenced ejectment for the land, and that the action was then pending.

The plea, to have constituted a valid defence to the action, should have alleged either an entire want of title in *Davis*, or an eviction by paramount title. Neither of these allegations being in it, we think the demurrer was properly sustained. *Whisler* v. *Hicks*, 5 Blackf. 100.—*Smith* v. *Ackerman, id.* 541.—*Pomeroy* v. *Burnett*, 8 *id.* 142.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. P. Usher*, for the plaintiffs.

*J. M. Hanna*, for the defendant.