May Term,
1853.

HANNAH
v.
HENDERSON.

Tuesday,
May 31.

---

HANNAH *v.* HENDERSON.

In a declaration for the breach of the covenant of warranty in a conveyance of land, an eviction must be alleged.

The existence of paramount title in a stranger when the conveyance was made, does not, of itself, show an eviction.

The fact that land is subject to the lien of an outstanding judgment at the time of its conveyance, does not, of itself, authorize an action for the breach of the covenant of warranty.

May Term,
1853.

HANNAH
v.
HENDERSON.

Neither does the fact that an execution has been awarded upon the judgment against the land.

The yielding to the paramount title of a stranger, by giving up possession or buying in such title and continuing possession under it, is evidence of an eviction.

Tuesday,
May 31.

ERROR to the *Marion* Circuit Court.

DAVISON, J.—Covenant by *Hannah* against *Henderson.* The declaration alleges, *inter alia*, that the defendant, on the 6th of *June*, 1838, by deed in fee, conveyed to the plaintiff certain real estate therein described, and situate in *Madison* county; and that the defendant, by said deed, covenanted for himself, &c., the aforesaid real estate forever to warrant and defend to the said plaintiff, his heirs, &c., against the claim or claims of all and every person whomsoever.

The breach assigned is, that one *John Bullard*, in the month of *August*, 1830, obtained a judgment against one *John Berry*, in the Quarter-session Court of the county of *Granger*, and state of *Tennessee*, for 1,225 dollars and 97 cents, with costs; that after said judgment was obtained, the said *Berry* died intestate at said county of *Madison*, seized in fee of the undivided half of the premises described in the deed; that at the *February* term, 1841, of the *Madison* Circuit Court, the said *Bullard* recovered a judgment upon the judgment so obtained in the said Quarter-session Court, against the administrator of said deceased, for 1,848 dollars and 50 cents, with costs, &c.; upon which last judgment execution was issued, and afterwards returned "no property;" and that the said *Bullard* afterwards, on his petition filed in the same Court against the administrator, heirs, and terre tenants of said deceased, obtained an order that execution be issued on the said last judgment, and levied on the undivided half of the real estate described in said deed, and that the same should be sold for the satisfaction of said judgment, interest, and costs; and that the plaintiff, to avoid a sacrifice of said real estate on execution, (much of which he had conveyed away by deeds of general warranty), and still further ruinous litigation, was compelled to pay off said

judgment, interest, and costs, to the amount of 3,000 dollars.

The defendant craved oyer of the covenant, and demurred to the declaration. Demurrer sustained, and judgment for the defendant.

The demurrer admits the facts set forth in the declaration. The only covenant contained in the deed is a general warranty. And the question presented by the record is, should the plaintiff have alleged an eviction?

The plaintiff contends that an action may be sustained for a breach of this covenant without actual eviction, if there be such a claim against the premises that by a prosecution of it to final judgment or execution, an eviction would be the consequence.

The law relative to the covenant of warranty is thus laid down by Mr. *Greenleaf*: " A breach of this covenant is proved only by evidence of actual ouster or eviction; but it need not be with force; for if it appears that the covenantee has quietly yielded to a paramount title, whether derived from a stranger or from the same grantor, either by giving up possession, or becoming tenant to the rightful claimant, or has purchased the better title, it is sufficient." 2 Greenl. Ev. s. 244. The rule here laid down we consider settled. See note to *Foote* v. *Burnet*, 10 Ohio R. 317.

In this case there was neither ouster nor eviction shown by the declaration. It is true, there are no formal terms prescribed in which that averment is to be made; still it was, no doubt, requisite to have alleged, substantially, an eviction. 10 Wheat. 449.—4 Kent's Com. 479.

The plaintiff has failed to bring his claim against the defendant within the covenant. He has done nothing more than pay off an incumbrance resting upon one undivided half of the land. The fact that an execution had been awarded, does not vary the case. *Kerr* v. *Shaw*, 13 Johns. R. 236.—Mart. & Yerg. R. 48.—4 Halst. 141.

It appears that the paramount title to the one undivided half of the land in question is still in the heirs of *Berry*. The mere existence of that title could not have consti-

tuted an eviction of the plaintiff. If he had yielded to it by giving up possession, or bought it in and continued his possession under it, this action might have been sustained. But it seems to us, that the mere payment of the judgment to avoid a sacrifice of the land on execution, and even a consequent eviction, will not authorize the plaintiff to sustain this suit against the grantor on his covenant.

We think the demurrer was correctly sustained.

*Per Curiam.*—The judgment is affirmed with costs.

*J. Davis*, for the plaintiff.

*O. H. Smith* and *S. Yandes*, for the defendant.