REASONER, Administrator, *v.* EDMUNDSON.

Nov. Term,
1854.

REASONER
v.
EDMUNDSON.

| 5 | 393 |
|---|---|
| 142 | 230 |
| 5 | 393 |
| *li* 158 | 567 |

A mortgage was executed in *Laporte* county of land in *St. Joseph* county, and was filed in the recorder's office of the latter county, on the 21st of *February*, 1837; but no certificate of the official character of the justice who took the acknowledgment, was filed in said office till the 7th of *November*, 1837. *Held*, that the mortgage could not be treated as recorded till the latter date.

A conveyance of land was executed before a mortgage of prior date, but neither having been recorded within the time required by law, the mortgage was afterwards recorded before the deed. The acts of 1836 and 1838 governing the question, *held*, that the mortgage had priority as a lien.

Where land has been conveyed with covenants of seizin and right to convey, an outstanding mortgage, if the mortgagee has not taken possession, does not constitute a breach of the covenants.

A mortgage is now almost universally regarded as a mere security for the payment of the debt.

An outstanding mortgage constitutes a breach of the covenant that the land is unincumbered; but for this breach only nominal damages can be recovered, until the purchaser has been evicted.

An eviction is a turning out of possession, or placing the party in such a situation that his expulsion being inevitable, he voluntarily surrenders the possession to save expulsion.

Where a decree of foreclosure directs that the sale shall be as upon an execution at law, the sheriff merely executes a deed to the purchaser, and leaves him to his action to obtain possession.

The sale by the sheriff upon such a decree, where no deed has been made nor suit for possession instituted, is not evidence of an eviction.

ERROR to the *Henry* Circuit Court.

Friday,
December 1.

PERKINS, J.—*Edmundson* sued *Reasoner*, administrator of *Gavin*, deceased, in covenant, alleging that *Gavin*, in his lifetime, *December*, 1845, conveyed to him a tract of land by deed, with the usual covenants; that the covenants of seizin and right to convey, and of freedom from incumbrance, had been broken; that the land, at the time of his purchase, was covered by a mortgage to one *Ezekiel Morrison*, and that said mortgage had been foreclosed, and that he, *Edmundson*, had been evicted, &c.

The defendant pleaded that said covenants had not been broken, but kept; that the premises conveyed were, at the time, &c., clear of incumbrance; and that *Edmundson* had not been evicted, &c.

The cause was submitted to the Court, instead of a jury,

and there was judgment for the plaintiff for his purchase-money and interest. A new trial was refused.

The facts are, that one *Selcrigg*, of *Laporte* county, *Indiana*, owned the land, and, on the 17th of *August*, 1836, mortgaged it to *Ezekiel Morrison*. The mortgage was filed in the office of the recorder of *St. Joseph* county, on the 21st of *February*, 1837; but no certificate of the official character of the justice of the peace who took the acknowledgment of it, was filed in said office till the 7th of *November*, 1837. The mortgage can not be treated as recorded, therefore, till this latter date.

On the 15th of *December*, 1836, *Selcrigg* deeded the land mortgaged to *Morrison*, to *Gavin*. This deed *Gavin* failed to have recorded in *St. Joseph* county till 1840.

In 1845, *Gavin* conveyed to *Edmundson*, the plaintiff below in this suit.

In 1840, *Morrison* foreclosed his mortgage, and bid in the property at the sale under the decree of foreclosure; but it does not appear that the sheriff ever made him a deed pursuant to his purchase, nor that he ever took possession. The deed from *Selcrigg* to *Gavin* was executed before the mortgage from the former to *Morrison* was recorded; but as said deed was not recorded till after the mortgage, and neither the deed nor the mortgage was recorded within the time required by law, the mortgage had priority as a lien, under the recording acts of 1836 and 1838, which governed it. It might be different under the acts of 1843 and 1852, which materially differ from prior statutes providing for the recording of deeds and mortgages.

But notwithstanding said mortgage was a lien upon the land, its existence did not constitute a breach of the covenants of seizin and right to convey, the mortgagee not having taken possession. True, in strictness, the mortgage purports to pass the legal title, "yet it is almost universally regarded, at the present day, as a mere security for the payment of the debt." Rawle on Covenants for Title, 83.

The mortgage did constitute a breach of the covenant

that the property was unincumbered; but for this breach only nominal damages were recoverable till after the purchaser had been evicted. It becomes a material question, therefore, whether an eviction had taken place.

An eviction is a turning out of possession, or placing the party in such a situation that, his expulsion being inevitable, he voluntarily surrenders the possession to save expulsion.

The evidence does not show that either of these things has been done in this case. For aught that appears, the plaintiff is yet, and has uninterruptedly been, in possession.

The sale in the case, under the decree, was as upon an execution at law. Upon such sales the sheriff delivers no possession. He executes a deed to the purchaser, and leaves him to his action to obtain possession. Here no deed has been made, no suit for possession instituted, and the mortgage decree may have been settled after the sale even, so that the making of a deed by the sheriff became unnecessary; and such seems to be the reasonable inference from the facts.

This case is clearly distinguishable, therefore, from *Hunt* v. *Amidon*, 4 Hill 345, a case that goes farther in inferring an eviction from facts than any other we have met with. In that case a deed had been made, and the decree, according to the practice in *New-York*, contained the direction that the purchaser should be let into possession upon the production of the deed, which facts the Court thought might be equivalent "in equity, at least," to an eviction by an action at law; the Court laying stress upon the circumstance that the action was not covenant but assumpsit, an equitable action.

As no eviction was proved in this case, the judgment below for the whole of the purchase-money and interest, was erroneous, and must be reversed.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*W. Gross* and *J. H. Mellett*, for the plaintiff.

*M. L. Bundy*, for the defendant.