*J. E. McDonald, A. L. Roache* and *H. S. Tousley,* for the appellant.

*J. C. Bufkin,* for the State.

———————◆◆◆———————

## MARVIN and Others *v.* APPLEGATE and Others.

An answer, avering a failure of the consideration of notes given for the purchase-money of land sold with warranty, by reason of liens upon the land, is defective, unless it alleges an actual eviction by title paramount, or a surrender of the possession to avoid an inevitable eviction.

APPEAL from the *Montgomery* Circuit Court.

DAVISON, J.—*James Applegate* and others, who were the plaintiffs, sued *Hannibal Pursel, Albert Pursel* and *Charles Marvin,* alleging, in their complaint, these facts: On the 9th of *April,* 1857, the plaintiffs recovered a judgment in the *Montgomery* Common Pleas, against *Hannibal* and *Alfred Pursel,* for 354 dollars, and on the 6th of *August* then next following, caused an execution to be issued on said judgment, which was returned "*nulla bona.*" Prior to this, on the 26th of *February,* 1857, *Marvin* purchased of the *Pursels* all their real and personal property liable to execution, for which he agreed to pay 10,000 dollars, and to secure the payment thereof, he, on the same day, executed to them four promissory notes, each for the payment of 2,500 dollars, as follows: one note payable at two years, one at three years, one at four years,

and one at five years. These notes are, as yet, unpaid, and are still held by *Hannibal* and *Albert Pursel,* who refuse to apply them, or any part of them, in satisfaction of the plaintiff's judgment. It is averred that the first note, payable at two years, is now due. The relief prayed is, that the sum of money so due from *Marvin,* or so much thereof as may be necessary for the purpose, be applied to the payment of said judgments, &c. The complaint was verified by affidavit, &c. Judgment, for want of an answer, was entered against the *Pursels. Marvin* answered the complaint. In his answer he admits the notes, but says they were given for lot No. 69, in *Crawfordsville,* which was, on the day they bear date, sold, and, by deed in fee simple, conveyed to him by *Hannibal* and *Albert Pursel,* who, at the time of the conveyance, executed to him, the defendant, a bond for the payment of 5,000 dollars. This bond is thus conditioned: "If they, *Hannibal* and *Albert,* shall, on or before the 25th of *December,* 1857, complete the brick building situate on said lot, and pay all liens now existing, or which may hereafter exist on the same lot or building, then the bond was to be void; otherwise, &c. The defendant avers that at the time, and before, the conveyance was made to him, *James* and *William Wallace* held a lien on said lot and building, for work and labor and materials furnished in the erection of said building, to the amount of 1,100 dollars, for which sum, *James* and *William,* at the *March* term, 1858, recovered a judgment in the *Montgomery* Circuit Court, against the *Pursels;* and further, at the same term, one *John Clinger* recovered a judgment against them for 2,200 dollars, a lien upon the same lot and building, which existed at and prior to the conveyance to the defendant. It is averred that *Hannibal* and *Albert Pursel* have failed and refused to pay over these and other liens existing on said property, that they are insolvent, and that executions have issued on said judgments, by virtue of which the lot and building

were, on the 31st of *July*, 1858, sold by the sheriff to *William Wallace* for 1,200 dollars, who received a deed pursuant to the sale. And so the defendant, in fact, says that the consideration of the notes given by him to the *Pursels*, has failed, &c. To this answer the plaintiffs replied, that the bond therein referred to constituted no part of the consideration of said four notes, that the consideration of the notes was the sale of the lot and buildings, and no other, and that when *Hannibal* and *Albert Pursel* executed said bond they, in order to secure the performance of the conditions of the bond, executed to the defendant two mortgages on personal property, valued at more than 6,000 dollars; copies of these mortgages, with a schedule of the property mortgaged thereto annexed, were filed with the reply and made a part of it. The plaintiffs admit the existence of the liens, the recovery of the judgments, and the subsequent sale of the premises, as set forth in the answer; but they deny that, by reason thereof, the consideration for the execution of the notes, given to the defendant, has failed in whole or in part; and further, the plaintiffs aver that, at the time the defendants purchased said lot, received a deed therefor, and gave his four promissory notes, he executed a mortgage to the *Pursels* to secure the payment of the notes, and he then well knew of the existence of the lien of *James* and *William Wallace*, and in order to secure himself against the same, took from said *Pursels* the aforesaid bond and mortgages, and that the lien of *Clinger* was not placed upon the premises until long after they were conveyed to the defendant. Wherefore, the consideration of the notes, or either of them, has not failed, &c. Demurrer to the reply overruled, and judgment rendered for the plaintiffs, that they recover of the defendant, *Marvin*, 410 dollars, and that for the amount he have a credit on said note, which became due and payable on the 26th of *February*, 1859, &c.

The only question to settle is, whether, in view of the facts

set up in the answer, the consideration of the notes has failed? If it has the plaintiffs were not entitled to recover; but it is insisted that the answer is defective, because it fails to allege an eviction. This seems to be correct. The failure to remove the liens, and the consequent sale and conveyance of the property by the sheriff, constituted no sufficient defence to the action. The answer, to have been a valid defence, should have alleged either an entire want of title in the *Pursels*, or an eviction by a paramount title. 5 Blackf. 100, 541; 8 *id.* 142; 4 Ind. 90, 174. "An eviction is a turning out of possession, or placing the party in such a situation that his expulsion, being inevitable, he voluntarily surrenders the possession to save expulsion." *Reasoner* v. *Edmonson*, 5 Ind. 393; *Hanah* v. *Henderson*, 4 Ind. 174; 2 Greenleaf's Ev., sec. 244. For aught that appears in the answer before us, the defendant, *Marvin*, is and has been in the undisturbed possession, under his title derived from the *Pursels*. The answer, being thus defective, the demurrer to the reply was correctly overruled.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*J. Naylor*, for the appellants.