## BLACK v. DUNCAN.

PROMISSORY NOTE.—*Payable to Bearer.*—*Pleading.*—In an action on a promissory note payable to bearer, by one alleging himself to be the bearer, owner and holder thereof, it is unnecessary to allege delivery.

SAME.—*Demurrer for want of Proper Party.*—In such action, where the complaint shows no interest in the note in a third person, a demurrer thereto for failure to make such third person a party defendant should be overruled.

SAME.—*Set-Off.*—*Failure of Consideration.*—*Eviction.*—*Warranty.*—*Conveyance.*—*Measure of Damages.*—*Instruction.*—In an action against the maker, on a promissory note payable to bearer, the defendant answered, alleging that he had executed the note in suit to A., in consideration of the assignment to him, by A., of several promissory notes executed to the latter by B. for the purchase-money of certain real estate conveyed by A. to B. by warranty deed; that B. had been evicted from the possession of part of such land by a purchaser of the same at a sale thereof on decree, to satisfy a mortgage thereon existing at the time of such conveyance; that such eviction was a breach of A.'s warranty, and by reason thereof B. had defeated the collection of a portion of such notes for purchase-money, held by the defendant, prior to any notice to him that the note in suit had been transferred by A. to the plaintiff.

*Held*, that an instruction to the jury, stating to them that the consideration of the note in suit was different from that alleged, and testified to, by the defendant, is erroneous.

*Held*, also, that an instruction, that, to sustain his defence, the defendant must have established that B. "was turned out of possession" by such purchaser, is erroneous.

*Held*, also, that the allegation of an eviction may be established by showing that the grantee was either turned out of possession by, or was placed in such a situation that, to avoid expulsion, he yielded up possession to, or purchased of, a stranger having a paramount title.

*Held*, also, that, if the defendant had received from B., on such notes for purchase-money, an amount equal to the sum paid therefor by him to A. with interest thereon, the plaintiff should recover; but that, there being no evidence on the point, an ambiguous instruction in relation thereto was erroneous.

From the Clay Circuit Court.

*W. W. Carter* and *S. D. Coffey*, for appellant.

*D. E. Williamson* and *A. Daggy*, for appellee.

HOWK, J.—In this action, the appellee, as plaintiff, sued

the appellant, as defendant, in the court below, upon a promissory note, of which the following is a copy:

"$331.62.                         March 4th, 1873.

"Twenty days after date, I promise to pay to bearer three hundred and thirty-one $\frac{62}{100}$ dollars, value received, payable at ——, without relief from valuation or appraisement laws, with ——.

(Signed,)                    " JAMES BLACK."

The appellee alleged in his complaint, that he was then the bearer, owner and holder of said note, and that the same was due and remained wholly unpaid..

The appellant demurred to appellee's complaint, upon two grounds of objection:

1. For the want of sufficient facts therein to constitute a cause of action; and,

2. For a defect of parties defendants, in this, that Robert Dalton should have been made a party to answer as to the assignment of his interest in the note in suit.

Which demurrer was overruled, and to this decision the appellant excepted.

The appellant then answered in three paragraphs, in substance, as follows:

1. In the first paragraph, the appellant admitted the execution of the note in suit, but said that the same was given to Robert Dalton in consideration of the sale and transfer to the appellant, by said Dalton, of two certain notes and a mortgage, executed by Mary Vanhorn to said Dalton, amounting to about one thousand nine hundred dollars, which said notes and mortgage were assigned by said Dalton to the appellant about the date of the note in suit; that, at the time of said assignment, the appellant paid said Dalton for said notes and mortgage the sum of $——, leaving unpaid, upon the consideration of the same, the amount of the note in suit; that the consideration of said notes and mortgage was the sale and conveyance by the said Dalton, to said Mary Vanhorn, by general warranty deed, of certain real estate in

Clay county; that, at the time of the execution of said deed by said Dalton to said Mary, said land was incumbered by a certain mortgage to the State of Indiana, made by said Dalton, to secure the repayment of one hundred dollars, borrowed by him out of the school funds of the State; that, soon after the conveyance of said land by said Dalton to said Mary, said Dalton being delinquent in the payment of the principal and interest of said school-fund mortgage, the auditor of said Clay county, in due form of law, advertised and sold said land for the payment thereof, and one Francis Vanhorn became the purchaser thereof, and evicted said Mary from said land; that afterward the appellant brought suit upon said notes and mortgage against the said Mary, when she defended against the payment thereof, on the ground that the consideration of the same had failed, and the appellant was compelled to, and did lose, six hundred dollars of said notes and mortgage, by reason thereof; that the note in suit was not transferred to the appellee until after the same became due and had been dishonored by the appellant; and that, at the time the appellee took the same, he had full knowledge of the fact that the consideration of the same had failed. Wherefore the appellant said, that the consideration of the note in suit had failed.

2. In the second paragraph of his answer, the appellant admitted the execution of the note in suit, but he said that the same was made to Robert Dalton; and at and before the commencement of this suit, and before the appellant had notice of the transfer of said note, the appellant purchased of said Robert Dalton a certain promissory note, before that time executed by one Mary Vanhorn to said Dalton, for the sum of one thousand dollars; that said note was duly assigned by said Dalton to the appellant, on the — day of February, 1873; that the appellant brought suit on said note against the said Mary, when she pleaded, as a defence thereto, a failure of consideration, and succeeded in reducing the amount apparently

due on said note, in the sum of six hundred and twenty-five dollars; that, in truth and in fact, the said note was executed by said Mary to said Dalton, to secure the payment of part of the purchase-money of certain land conveyed to her by said Dalton by general warranty deed, and from which she had been evicted after the execution of said deed; and she had a just and legal defence to six hundred and twenty-five dollars of said note, the value of the land from which she had been so evicted; that, by reason of said endorsement of said note to the appellant, and by reason of said defence to the same, the said Dalton became liable to the appellant in the sum of six hundred and twenty-five dollars, before he had any notice whatever of the transfer of the note in suit to the appellant, which sum he offers to set off against any sum found due the appellee; that said note in suit was never transferred to the appellee until long after it became due, and that the appellee had full notice of the defence set up in this paragraph at and before he took said note. Wherefore, etc.

3. In the third paragraph of his answer, the appellant said, that he admitted the execution of the note in suit, but he said that the appellee was not the real party in interest in the same; that the appellee, sometime before the transfer of said note to him, had become security for said Dalton to one ———, whose name was unknown to the appellant, and that said note was delivered to appellee, as collateral security of the said Dalton; that the appellee never had to pay any thing as such security, and was not the owner of the note in suit, but it belonged to the estate of said Robert Dalton, who had died since the execution of said note to him. Wherefore the appellant demanded judgment for costs.

The appellee replied to the appellant's answer, but the clerk of the court below certifies that the reply was not on file, and it is not in the record.

The cause was tried by a jury, and a verdict was re-

turned for the appellee, assessing his damages in the sum of three hundred and sixty-three dollars and twelve cents. The appellant's motion for a new trial was overruled, and he excepted to this decision, and the court rendered judgment on the verdict.

The errors assigned by the appellant, in this court, are the following decisions of the court below :

1. In overruling his demurrer to appellee's complaint; and,

2. In overruling his motion for a new trial.

We will consider and decide the several questions presented by these alleged errors in the order of their assignment.

1. It is claimed by the appellant's counsel, as we understand them, that the appellee's complaint in this cause was insufficient, in the demurrer thereto, because it was not alleged therein that the note in suit was delivered to the appellee. It does not appear, however, from the complaint, that the note was not delivered to the appellee. Under section 50 of the practice act, a demurrer to a complaint will reach only such defects therein as appear upon the face thereof. 2 R. S. 1876, p. 56. It was alleged in the complaint, that the appellee was the bearer, owner and holder of the note in suit; and this allegation was certainly sufficient, on the appellant's demurrer to the complaint, upon the ground that it did not state facts sufficient to constitute a cause of action. The second ground of the appellant's demurrer was certainly not apparent on the face of the complaint; for it did not appear from the complaint, that Robert Dalton ever had any title to, or interest in, the note sued upon in this action. In our view of the matter, therefore, no error was committed by the court below in overruling the appellant's demurrer to the appellee's complaint.

2. The second alleged error, assigned by the appellant, was the decision of the court below, in overruling his motion for a new trial. The causes for such new trial, as-

signed by the appellant in his motion therefor, were as follows:

"1st. That the court erred in giving to the jury instructions severally numbered 2, 3, 4, 5, 6, 7, 8 and 9, as shown by bill of exceptions No. 1, herewith filed;

"2d. The court erred in refusing to instruct the jury as prayed for by the defendant in instruction number 5, and in modifying the same, and giving the same as modified, as shown by bill of exceptions No. 2, herewith filed;

"3d. The verdict is not sustained by the evidence;

"4th. The verdict is contrary to the evidence;

"5th. The verdict is contrary to the law."

In considering the questions presented by these causes for a new trial, we will take up and decide such only of those questions, as the appellant's counsel have discussed in their brief of this cause in this court, regarding all other questions as, at least, impliedly waived. The appellant's attorneys earnestly insist, in argument, that the second instruction of the court below, to the jury trying the cause, was erroneous. This second instruction was as follows:

"2d. This suit is not brought on any of the notes executed by Mary Vanhorn to Robert Dalton, for lands sold by said Dalton to her, but on a note given by the defendant, Black, to said Dalton as a part of the consideration for the note of said Black to said Dalton for one thousand dollars; and the defendant claims that said note in suit was given as a part of the consideration for two notes on Mary Vanhorn, sold by Dalton to the defendant, Black, and that defendant lost a portion of the notes so sold, greater than the amount of the note in suit, by reason of a certain school-fund mortgage, said to be on the lands of Mary Vanhorn, sold by Dalton to her by warranty deed, and which was sold by the Auditor to satisfy said school-fund mortgage. Defendant, Black, also claims that he settled with Mary Vanhorn for the breach of the covenants in her deed from Dalton for the lands for

which her said notes had been given, and seeks to set the same up against this note in the hands of the plaintiff. To this class of facts there are some general principles of law, which it is your duty to take from the court as the law of the case: 1st. To constitute a breach of the general covenant of warranty in the deed, there must have been a total want of title in the grantor, Dalton, when the deed was executed by him to said Mary Vanhorn, or there must have been a subsequent eviction (a putting her out of possession) by a paramount title. And there being no pretence, in this case, that there was a total want of title in said Dalton, you must be satisfied from the evidence, that the consideration of the notes was as the defendant alleges it to be, and that said Mary Vanhorn was then evicted, or the plaintiff is entitled to recover the amount of the note in suit."

The appellant's objection to this instruction is, " that the court assumes and decides one of the issues of fact, involved in the case." It seems to us, that this objection is well taken. In the first paragraph of his answer the appellant alleged, that the consideration of the note in suit was the sale and transfer to him, by Robert Dalton, of two certain notes and a mortgage, executed by Mary Vanhorn to said Dalton, amounting to about one thousand dollars. But the court told the jury, in this second instruction, that the consideration of the note in suit was the appellant's note to said Dalton for one thousand dollars; and, having thus told the jury that the consideration of the note sued upon was *not* what the appellant alleged it was, the court then instructed the jury, in the fourth instruction, that, unless they found that the consideration of said note was as the appellant had alleged it to be, they must find for the appellee. Under these instructions, if the jury placed that implicit reliance thereon which a jury should in civil cases, they could not well have done otherwise, in this case, than to return a verdict, as they did, for the appellee. In our opinion the court

erred in assuming and stating to the jury, as matter of fact, that the consideration of the note in suit was other and different from what the appellant had not only alleged in his answer, but had testified to on the trial, that it was. *Carter* v. *Pomeroy*, 30 Ind. 438; *Kintner* v. *The State*, 45 Ind. 175; *Smathers* v. *The State*, 46 Ind. 447; *Barker* v. *The State*, 48 Ind. 163.

It is claimed by the appellant's attorneys, that the third instruction was also erroneous in its conclusion. This third instruction was as follows:

" 3d. The defendant claims that there was a mortgage on the lands deeded by Dalton to Mary Vanhorn, to the school-fund, and that, by force of the auditor's sale, on foreclosure of said mortgage, 35 acres of the land passed into the hands of a stranger, thereby creating a breach of the covenants of said deed from Dalton, which entitled her to damages as against Black, who claims to have her notes for the purchase-money, and that the note in suit was given as a part consideration for the notes of said Mary Vanhorn. The deed of Dalton to her gave her the seizin, that is, the possession of the land, and the law is, that she could not hold the deed and possession of the land, and recover damages for the alleged breach of the covenants, to a greater extent than mere nominal damages, that is, one cent, unless she was evicted, or turned out of possession of the land. Therefore, unless you shall find from the evidence in this cause, that the note in suit was given as a part of the consideration for the notes of Mary Vanhorn, that there was a school-fund mortgage foreclosed and the lands sold, and that, in consequence thereof, she was turned out of possession, it will be your duty to find for the plaintiff the amount of the note in suit."

The objection urged to this instruction, and it applies with equal force to the second instruction, is the narrow and confined meaning given to the legal term " eviction."

The jury were told in these instructions, that, unless they found from the evidence, that Mary Vanhorn had been put or turned out of possession, they must find for the appellee the amount of the note in suit.

Under the decisions of this court, the term " eviction " has a wider and more comprehensive meaning, in cases like the one now before us, than the meaning thus given to it. An eviction is a turning out of possession, or the placing of a party in such a situation that, his expulsion being inevitable, he voluntarily surrenders the possession, to save expulsion. *Reasoner* v. *Edmundson*, 5 Ind. 393.

It has been held, also, that the yielding to the paramount title of a stranger, by giving up possession, or by buying in such title and continuing possession under it, is evidence of an eviction. *Hannah* v. *Henderson*, 4 Ind. 174.

It was not indispensably necessary, therefore, to entitle the appellant to a recovery in this action, as the court virtually told the jury that he should show by the evidence that Mary Vanhorn was actually " turned out of possession."

There was evidence introduced on the trial, tending to show that, under an auditor's sale by virtue of the school-fund mortgage, a stranger had acquired a title to thirty-five acres of the land, which title was paramount to that of Mary Vanhorn, under her deed from Robert Dalton, and therefore constituted a breach of the covenants in said deed. There was also evidence before the court and jury tending to show that the holder of said paramount title, Francis M. Vanhorn, by virtue thereof, had evicted said Mary Vanhorn from said thirty-five acres of land, but not that " she was turned out of possession." It did not appear in evidence, that said Mary Vanhorn had ever been in the actual possession of said land; but Francis M. Vanhorn testified, on the trial, that, after he had purchased the land at the auditor's sale, he took possession thereof. This he had a right to do, if he found the land

vacant or unoccupied, or if the said Mary Vanhorn yielded the possession to his paramount title, as she had the right to do; and, in either event, his possession was equivalent to an eviction of the said Mary Vanhorn; as much so as if she had been "turned out of possession." *Marvin* v. *Applegate*, 18 Ind. 425, and *Burton* v. *Reeds*, 20 Ind. 87.

It seems to us, therefore, that the court clearly erred in instructing the jury, that, unless they should find from the evidence, that Mary Vanhorn "was turned out of possession," etc., it would be their duty to find for the appellee the amount of the note in suit.

The seventh instruction of the court to the jury is complained of by the appellant's counsel, as clearly erroneous. This instruction was as follows:

"7th. The defendant claims to be the assignee of Robert Dalton on several promissory notes, amounting to $2,597.29. Now, as such assignee, he could only recover from Dalton the sum paid for said notes—not the amount of the notes assigned, but the amount paid for them. And in this case Black stands in the same position that he would if suing Dalton on the assignment. Now, if, from the evidence in this case, you believe that defendant Black purchased said notes in a lump, and not at an agreed sum for each of the Vanhorn notes, and that he has received thereon an amount equal to the whole sum paid Dalton for said assigned notes, with six per cent. interest, he can not maintain his defence to this note, but the plaintiff will, in that event, be entitled to a verdict for the amount of said note, with interest."

It is evident, we think, that this instruction is erroneous, although it is indefinite and uncertain in the language in which it is expressed. If the court intended to tell the jury, that, if they believed from the evidence, that the appellant had received, on the notes assigned to him by Robert Dalton, from Mary Vanhorn, the maker of said notes, an amount equal to the sum paid Dalton for

said notes with interest, then the appellant could not maintain his defence to the note in suit, the instruction was clearly erroneous. But, if the court intended to instruct the jury, that, if they found from the evidence, that the appellant had received on said notes from Robert Dalton, the assignor thereof, an amount equal to the sum paid Dalton for the notes, with interest on said sum, then the appellant could not maintain his defence to the note sued on, the instruction would have stated the law correctly; and the only fault that could have been found with it would have been, that it was not applicable to the case made by the evidence. For there was no evidence introduced on the trial of this cause, which had even the slightest or remotest tendency to show that the appellant had ever received any money from said Robert Dalton, on account of his assignment of the notes in question.

It is true, that the contract of an assignor of notes negotiable under our statute, but not negotiable under the law merchant, is a warranty "that the maker is liable on the note, and able to pay it." *Howell* v. *Wilson*, 2 Blackf. 418, and *Sering* v. *Findlay*, 7 Ind. 247.

It is true, also, that in such case the liability of the assignor to the assignee, on the contract of assignment, shall not exceed the amount paid the assignor by the assignee on such contract, with interest thereon from the time of such payment. If A. should assign to B. the five notes of C., each in the sum of five hundred dollars, for an aggregate consideration of two thousand dollars for the five notes, the contract of A. with B. would be that C. was liable on each of the five notes and able to pay it. If, on the exercise of proper diligence, B. should fail to collect from C. any part of the said five notes, A. would be liable to B. for the amount uncollected, but not to exceed the said sum of two thousand dollars, and interest thereon from the date of said assignment. This is the rule, and the only true rule, as it seems to us, for determining the extent of the assignor's liability to the assignee

on the notes assigned. In the case put, it would not do to say, in our opinion, that if B., the assignee, had collected on the notes assigned from C., the maker thereof, the said sum of two thousand dollars, A., the assignor, would be discharged by such payment from further liability to B., the assignee, on the contract of assignment. Yet that is just what the court told the jury, in the seventh instruction, as we understand it. We hold, therefore, that the court erred in giving the jury this seventh instruction.

Some other rulings of the court below, of minor importance, are complained of by the appellant's counsel in this court; but we need not notice these rulings now, as we have already considered and decided the controlling questions in this cause. For the reasons given, we think that the court below erred, in overruling the appellant's motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded for a new trial, in accordance with this opinion.