Mooney v. Burchard.

———◆———

No. 9550.

MOONEY v. BURCHARD.

DEED.—*Covenant.*—*Breach.*—*Partition.*—*Eviction.*—*Damages.*—Where, in an action for partition, a paramount title to a part of the premises is established as against the grantee in a warranty deed for the entire premises, and the grantee purchases the interest of the adverse owner, the grantor having been notified of the action and required to defend it, the grantee is entitled to recover substantial damages as for a partial eviction.

From the Dubois Circuit Court.

*G. G. Reily, W. C. Johnson* and *W. C. Niblack,* for appellant..
*J. F. Dillon* and *C. H. Dillon,* for appellee.

WOODS, J.—Action by the appellant against the appellee.
for breach of warranty in a deed of real estate; finding and.
judgment for the plaintiff, awarding damages in the sum of
one cent.

The appellant claims that she was entitled to substantial
damages, and, unaided by a brief or suggestion from the ap-
pellee, we have not discovered why she was not.

It is averred in the complaint and shown in the evidence,.
that after the execution of the deed upon which the action is.
based, which recites a consideration of $1,000 paid, a suit
was brought against the appellant for partition by an adverse
claimant of one undivided fifth of the property; that she
caused notice of this suit to be served on the appellee, with
a request that he defend the same; that the action resulted in
a judgment in favor of the petitioner, and an order for the sale
of the property as indivisible, and that upon the sale so made
the appellant, in order to procure the title and protect her
possession, bought the property, paying for the adverse inter-
est and in costs of suit and attorney's fees a sum in excess
of $150.

It seems to be a clear case of judgment for partial eviction,.
for which the appellant, if she had not purchased the title of
the adverse claimant, would have been entitled to recover a
corresponding part of the consideration paid, that is to say,
$200. *Phillips* v. *Reichert,* 17 Ind. 120; *Hoot* v. *Spade,* 20.
Ind. 326. And, having procured the paramount title for a less
sum, the appellant was entitled to recover of the appellee as.
much, at least, as she was compelled to pay.

Judgment reversed, at the costs of the appellee, and the
cause remanded, with instructions to grant to the appellant a
new trial.