## SARRLS *v.* BECKMAN.

### [No. 8,274.   Filed March 17, 1914.]

1. COVENANTS.—*Breach of Warranty.—Notice.—Necessity.—*However desirable it may be that written notice should be given of the breach of a covenant of warranty, there is no necessity therefor as a condition precedent to recovery on the warranty, where the warrantor knew of the defect in the title and that the title was being assailed, and refused to assist in protecting the grantee.   p. 641.

2. COVENANTS.—*Warranty.—Breach.—Eviction.—*While the grantee in possession under a warranty deed, until evicted, can recover only nominal damages from his grantor because of a defect in the title, a grantee, who, while in possession, on being subjected to trouble because of a defect in his title, brought an action to have his title quieted in which judgment was recovered against him in a large amount, could recover actual damages from the

grantor, since the judgment against him amounted to an eviction. pp. 641, 643.

3. COVENANTS.—*Warranties.*—*Breach.*—A recovery for breach of a covenant of warranty cannot be defeated on the ground that if grantee had remained silent the defect in the title would not have been discovered and the persons profiting by the defect would eventually have been barred by the statute of limitations, since a party cannot be required to hold property for the full period of limitation before he attempts to dispose of it or to perfect his title. p. 642.

4. TENANCY IN COMMON.—*Adverse Possession.*—*Ouster.*—A tenant in common can not acquire title by adverse possession against another tenant in common, unless there has been a constructive or actual ouster, as the possession of one is the possession of all. p. 643.

From Posey Circuit Court; *Herdis F. Clements*, Judge.

Action by John G. Beckman against Richard Sarrls. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*William Espenschied* and *George Wm. Curtis*, for appellant.

*G. V. Menzies*, for appellee.

SHEA, P. J.—This was an action brought by appellee against appellant to recover damages for a breach of warranty in a certain warranty deed executed by appellant as a remote grantor. The complaint in one paragraph alleges substantially the following: Appellant Sarrls on July 4, 1894, conveyed certain real estate in Posey County, Indiana, containing 178 acres, for a consideration of $4,000 by warranty deed to David Harper, who, on August 12, 1899, by warranty deed conveyed the same in fee simple to appellee. One James W. Whitworth was the remote grantor of appellant and appellee, and their common source of title to the real estate. At the time Whitworth conveyed the real estate, he was a married man, and his wife, Elizabeth Whitworth, did not join in the deed. On October 29, 1898, Whitworth died intestate, leaving surviving him his wife, who became the owner in fee simple of an undivided one-third interest

in the real estate in question. On March 18, 1901, Elizabeth Whitworth died intestate, seized in fee simple of the undivided one-third interest, and left certain named persons as her sole and only heirs surviving, who, after her death, asserted their claim to an undivided one-third of the real estate, and threatened to institute proceedings to evict appellee therefrom. At the time of the threatened proceedings, appellee had negotiated an advantageous sale of the real estate, but was hindered in consummating same by the claims of the heirs. Appellee thereupon brought suit to quiet his title to said one-third, and served appellant with notice in writing of the institution of the suit. The heirs by cross-complaint asserted their title to the undivided one-third. Judgment was rendered against appellee in favor of said heirs who were adjudged the owners of the undivided one-third thereof, thereby evicting appellee from same. Appellee expended the sum of $300 for attorney fees in the suit to quiet title and demands judgment for $2,000. The warranty deed from appellant to David Harper is made a part of the complaint by exhibit.

Appellant answered in five paragraphs, the first a general denial. The others aver want of notice, and charge that no person had asserted claim of title to the property until suit to quiet title was filed by appellee, thus apprising the owners of the one-third of the real estate of their interest therein, and for that reason appellant should be relieved of the liability charged in the complaint. As no questions are raised upon the pleadings we need not set out the answers in detail. The issues were tried by the court. Finding and judgment for appellee.

It is assigned that the court erred in overruling appellant's motion for a new trial. But two questions are urged in support of this contention: (1) "The decision and finding of the court is not sustained by sufficient evidence." (2) "The decision and finding of the court is contrary to law."

It is very urgently insisted on behalf of appellant that

the notice required to be given him should have been in writing. It is not urged that appellant did not have actual notice of the defect in the title which he attempted to convey to appellee. He was in attendance at the trial as a witness at the time judgment was rendered against appellee in favor of the Whitworth heirs. He had talked repeatedly with appellee and his agent with respect to the condition of the title, and had refused to have anything to do with the defense of the case, insisting that he had no interest in the matter. However desirable it may be that written notice should be given in such cases, and the court has so intimated in the case of *Beasley* v. *Phillips* (1898), 20 Ind. App. 182, 50 N. E. 388, we see no necessity for it in the practice, as the essential thing is that the grantor of a defective title should have knowledge that the title is being assailed. Then, when demand is made upon him to defend, it becomes his duty, under the law, to see that the rights of his grantee, as well as his own rights are protected, so that the failure to give written notice cannot be held to be a defense to this action. This is very aptly stated in appellee's brief as follows: ''When a party has full notice of an action pending which will affect his rights, he can not be supinely neglectful and afterwards set up a tenuous technicality in claiming that he was not notified.'' *Worley* v. *Hineman* (1893), 6 Ind. App. 240, 33 N. E. 260; *Reasoner* v. *Edmundson* (1854), 5 Ind. 393; *Marvin* v. *Applegate* (1862), 18 Ind. 425, 428; *Bever* v. *North* (1886), 107 Ind. 544, 8 N. E. 576; *Hannah* v. *Henderson* (1853), 4 Ind. 174.

It is further insisted that the grantee who accepts a deed and is put in possession of the real estate, until he is evicted or put to actual trouble and expense, can recover only nominal damages from his grantor because of any defect in the title. It may be said there is no assignment here that the judgment is excessive, therefore

this question is not directly presented, but it is very ably argued, and on that account we give it consideration. Appellant cites and relies upon the case of *Small* v. *Reeves* (1860), 14 Ind. 163, 164, in which the court holds: "Where a deed is made and accepted and possession taken under it, want of title will not enable the purchaser to resist the payment of the purchase money, or recover more than nominal damages on his covenants, while he retains the deed, and possession, and has been subjected to no inconvenience or expense on account of the defect of title. This is, in many of the cases, because the purchaser's possession, being under color of title, may continue undisturbed for twenty years, and thus become perfect, and he be uninjured. And he may rely on the covenants in his deed for redress if injury occurs." While this may be said to be the law of this State where the facts of the case permit its application, yet we think the rule can not be applied in the case under consideration because appellee was not only subjected to trouble, but went into court and sought to have his title quieted after having discovered its defect, where a judgment was recovered against him for the sum of $505.20, together with costs and expenses, which judgment amounts to an eviction. *Mooney* v. *Burchard* (1882), 84 Ind. 285; *Wright* v. *Nipple* (1883), 92 Ind. 310; *Hannah* v. *Henderson, supra; Black* v. *Duncan* (1878), 60 Ind. 522. So that it is clear that the principle contended for in the case of *Small* v. *Reeves, supra,* has no application to the facts in this case.

It is very earnestly argued by appellant that there would have been no eviction, no expense and no trouble except for the fact that appellee instituted the suit to quiet title 3. himself, thus apprising the Whitworth heirs of their interest in the land and inviting the contest to determine the ownership of the one-third thereof; that if appellee had remained silent he might have retained possession for a period of twenty years, and thus have acquired title to the real estate and been uninjured. We think this posi-

tion is likewise untenable. The purchaser of real estate in this day of activity in trade, and frequent transfers of property who discovers a defect in his title, upon his effort to make a desirable sale, can not be held obliged to remain silent for a period of twenty years and perhaps sustain serious losses on account thereof, but he has the clear right to notify the grantor of the defect in the title, and if the grantor refuses, as in this case, to assume the burden of curing the defect, then the grantee may go into court, have the title determined, and compel his grantor to respond in damages in such amount as may be shown he has sustained. Any other rule would impose a burden upon the purchaser of real estate to hold it for a period of twenty years before he might be able to enjoy the full benefits thereof. This doctrine could have no application in the case at bar for the

4. additional reason that his title could never have ripened as against the rights of the Whitworth heirs, who were his tenants in common. A tenant in common can never acquire title against another tenant in common, unless there is constructive or actual ouster, as the possession of one is the possession of all. *Wilber* v. *Buchanan* (1882), 85 Ind. 42, 45.

In the case of *Worley* v. *Hineman, supra,* the court says: "In that case, any breach calculated to disturb the grantee in the enjoyment of his property is covered by his

2. covenant, embracing as it does a guaranty for future as well as present enjoyment. He may wait until he is evicted and then sue, or he may pay off the incumbrance and bring his action, provided he finds it necessary to extinguish the incumbrance in order to ward off an eviction if the land is legally bound." See, also, *Black* v. *Duncan, supra; Coleman* v. *Lyman* (1873), 42 Ind. 289. Appellant seeks in a very able argument to make a distinction between cases where a grantee voluntarily makes payment when he discovers there is a paramount title, and where he brings suit to determine the question of the validity of the para-

mount title. It is settled that when a grantee discovers that there is a paramount title to the one under which he holds, he may, in order to relieve himself of trouble and expense purchase the paramount title, or pay off an incumbrance or lien, and compel his grantor to respond in such damages as he has sustained. *Mooney* v. *Burchard, supra.* We can see no difference in principle between the two conditions. The grantee, upon discovering a defect in his title, brought a proper action in a proper court, and a judgment was recovered against him, holding paramount title in some other person, which amounts to an eviction. *Wright* v. *Nipple, supra.* He may pay the judgment, as in this case, and in a proper action compel his grantor to repay him the amount expended, together with expenses necessarily incurred, including attorney fees. *Worley* v. *Hineman, supra,* 255.

The decision of the court is sustained by sufficient evidence and is not contrary to law. Judgment affirmed.

NOTE.—Reported in 104 N. E. 598. As to actions for breach of covenant of warranty in deed, see 24 Am. St. 266. As to the necessity of eviction to maintenance of action for breach of covenant of warranty of title, see 17 L. R. A. (N. S.) 1178. See, also, under (1) 11 Cyc. 1103; (2) 11 Cyc. 1129; (4) 38 Cyc. 21.