May Term, 1860.

WOODFORD
v.
LEAVEN-
WORTH.

---

WOODFORD *v.* LEAVENWORTH, Administrator. .

In an action founded upon the covenants in a deed, a copy of the deed must be set out.

To constitute a breach of a general covenant of warranty, there must have

been an entire want of title in the grantor, or an eviction by a paramount title.

In an action against an administrator for money paid for the use of the estate of his decedent, the complaint must show that the money was paid at the request, express or implied, of the deceased or the defendant.

The abolition of the distinction between actions at law and suits in equity, does not entitle a party to recover in a case where, before such abolition, he could not have recovered either at law or in equity.

If a grantee accept a deed without sufficient covenants against incumbrances, he cannot recover for money paid in removing incumbrances, unless it was paid under such circumstances as to raise an implied assumpsit.

*Tuesday,*
*June 5.*

APPEAL from the *Crawford* Court of Common Pleas.

WORDEN, J.—Complaint by the appellant against the appellee, stating, in substance, the following facts, viz.: That the estate of *Julius Woodford,* deceased, was justly indebted to the plaintiff in the sum of 500 dollars, for money laid out, expended, and advanced for the use and benefit of said estate, in this, that in the lifetime of said *Julius,* to-wit, on the 15th of *October,* 1842, the said *Julius* sold and conveyed to the plaintiff, by deed of general warranty, certain real estate lying in *Crawford* county, and covenanted that he and his heirs would forever warrant and defend the premises to the plaintiff, his heirs and assigns, against the lawful claims of all persons whomsoever; that the real estate thus conveyed was encumbered by a mortgage, executed by the deceased in 1837 to the state of *Indiana,* for 1,000 dollars, payable five years after the date thereof to the commissioners of the sinking fund, for the benefit of the state, together with interest at the rate of 9 per cent. per annum, payable annually in advance; that 500 dollars of the principal and one year's interest thereon, were still due upon the mortgage at the time of the death of said *Julius,* which balance of 500 dollars principal, and the interest accruing thereon, constituted a legal incumbrance upon the premises, for the payment of which the estate of said *Julius* is liable; that in order to keep the mortgage from being foreclosed, and for the benefit of the estate of the deceased, the plaintiff, since the death of the deceased, has paid the interest due on the mortgage since the year 1846 up to the present time,

amounting to 500 dollars; that the estate of said *Julius,* at the time of his death, was entirely insolvent, without means of paying any part of the interest, and so continued until 1857, when, by an act of congress, it was rendered solvent, and now has means whereby the money thus paid by the plaintiff can be refunded to him; wherefore he demands judgment for the same.

To this complaint a demurrer was sustained, and exception taken; and final judgment was rendered for the defendant.

The only question is whether the demurrer was correctly sustained. The action does not seem to be founded upon the covenant in the deed; but were that the case, the complaint would be defective for two reasons, if for no other: First, because no copy of the deed is set out as required by the statute; and, second, because the covenant as described in the complaint, is only one of general warranty, and not against incumbrances, and the facts alleged do not constitute a breach of the covenant of warranty. To constitute a breach of the covenant of warranty, there must have been an entire want of title in the grantor, or an eviction by a paramount title. *Hooker* v. *Folsom,* 4 Ind. R. 90.—*Hannah* v. *Henderson, id.* 174.

The complaint is equally defective considered as founded on the payment of the money by the plaintiff for the use of the estate of the deceased. It is not shown that the money was paid at the request of the deceased or the defendant, either express or implied. In order to entitle a party to recover for money paid, "the defendant's express or implied request to the plaintiff to pay the money for his use, should be shown by the plaintiff. It is not sufficient to prove merely the defendant's liability to a third person, and the plaintiff's discharge of such responsibility. It is necessary to establish that the plaintiff did so at the instance of the defendant, or that the act was subsequently recognized by him. For it is a clearly established principle, that no assumpsit can be raised on the voluntary and unasked payment of the debt of another person; and that one man cannot become the creditor of another without

his knowledge or consent." Chit. on Cont. (Perk. ed.) p. 592, and note 2.

The appellant insists, however, "that as he bought the land in good faith, and paid the full value therefor, by the practice of Courts blending law and equity together, under the circumstances of this case as set forth in the complaint, he has a right to recover back the money paid by him as interest to prevent the land from being sold," the estate being insolvent and unable to pay it until the passage of the act of congress mentioned. We are not able to perceive that the insolvency of the estate of the deceased can have much influence upon the determination of the question involved. It is undoubtedly true, however, that if by the rules of either law or equity, the plaintiff is entitled to recover on the facts stated, he may do so in this case. But the abolition of the distinction between actions at law and suits in equity, does not entitle a party to recover in a case where, before such abolition, he could not have recovered either at law or in equity. We are not apprised of any legal or equitable principle that would entitle the plaintiff to recover upon the facts stated, nor has any authority been cited by the appellant tending to sustain the action. It is clear that the action will not lie as for money paid. If the appellant took the conveyance without covenants sufficient to protect him against incumbrances, it was his own folly, and he cannot call upon the Courts to protect him from the consequences of his own imprudence by extending the covenant of warranty beyond its legitimate scope and effect. "If the grantee accepts a deed without covenants, and the case be free from fraud, he cannot recover back the consideration-money, though the title fails." 4 Kent (5th ed.), p. 471, note 6. So, if a grantee accept a deed without sufficient covenants against incumbrances, he cannot recover for money paid in removing such incumbrances, unless paid under such circumstances as will raise an implied assumpsit, which we have seen was not the case here.

We are of opinion that the ruling below on the demurrer was correct, and that the judgment should be affirmed.

*Per Curiam.*—The judgment is affirmed with costs.

*A. J. Simpson*, for the appellant.

*W. A. Porter*, for the appellee.