### CRANCE *v.* COLLENBAUGH.

COVENANT.—*Paramount Title.*—Where a person holding real estate under a warranty deed has yielded to what is claimed to be a paramount title, and has given up possession without a judicial proceeding, or has bought in the adverse title, he must, in a suit on the covenants in such deed, allege and prove such paramount title, which must be not only superior to the title under which the land was held by him under such deed, but also superior to the title of any other person.

From the Greene Circuit Court.

*E. E. Rose* and *E. H. C. Cavins,* for appellant.

*D. E. Williamson* and *A. Daggy,* for appellee.

DOWNEY, J.—This was an action by the appellee against the appellant as in covenant, upon a warranty deed, assert-

ing the existence of an adverse title to the undivided two-thirds of the land embraced in the deed, and an eviction by virtue thereof, to the damage of the plaintiff in the sum of one thousand dollars. The eviction was not by virtue of any judicial proceeding; but it is alleged that upon the assertion of the adverse title, the plaintiff was compelled and forced to surrender the said two-thirds of the land to the adverse claimant, and he thereby became evicted from the same.

The defendant answered in three paragraphs. 1. A general denial; 2 and 3. Former recovery. Reply: 1. The general denial; and, 2. That the action was for a further and different eviction from that mentioned in the record of former recovery. Trial by the court upon an agreed statement of facts, and finding for the plaintiff. A motion for a new trial was made by the defendant, and overruled by the court, and final judgment was rendered for the plaintiff.

The only error assigned is the refusal of the court to grant a new trial.

From an examination of the statement of facts, we have come to the conclusion, that the motion for a new trial should have been sustained. Where a party holding under a warranty deed yields to what is claimed to be a paramount title, and gives up possession or buys in the adverse title, he must, in a suit on the covenants in the deed, allege and prove such paramount title. By a paramount title is meant a title which is not only superior to that under which the land is held, but superior to the title of any one else. This is evident from the consideration that the plaintiff, if he had been sued for the recovery of the land upon the adverse title, could have defended himself upon any title superior to such adverse title, whether it was held by him or by some third person. See *Hannah* v. *Henderson*, 4 Ind. 174; *Reasoner* v. *Edmundson*, 5 Ind. 393; *Small* v. *Reeves*, 14 Ind. 163; *Woodford* v. *Leavenworth*, 14 Ind. 311; *Marvin* v. *Applegate*, 18 Ind. 425.

The agreed statement of facts in this case, on account of

blanks in it and for other reasons, does not satisfactorily show the existence and validity of the alleged paramount title, and for this reason the evidence was insufficient.

The judgment is reversed, with costs, and the cause remanded for a new trial.

BUSKIRK, J., did not participate in the decision of the cause.