## SHEETZ v. LONGLOIS.

COVENANT.—*Breach of.—Complaint.—Demurrer.—Practice.*—In an action to recover damages for the breach of two or more of the covenants contained in a deed, it is not necessary that the breach of each of such covenants should be stated in a separate paragraph of complaint; and, where several breaches have been stated in a single paragraph of complaint, the sufficiency of each breach may be separately tested by a demurrer thereto, in the same manner and to the same extent as if such breach had been pleaded in a separate paragraph.

SAME.—*Incumbrance.—Evidence.*—Where, in alleging a breach of the covenant against incumbrances, the facts alleged show an actual incumbrance on the property at the date of the deed, such breach is sufficient to withstand a demurrer.

SAME.—*Paramount Title.*—Where, in an action by the grantee to recover damages for the breach of the covenants contained in a deed, the plaintiff claims to have yielded possession to a paramount title, it is incumbent on him to show, by sufficient evidence, not only that he had yielded the possession of the property to what he supposed to be a paramount title, but that such title was in fact paramount to the title of any one else to such property.

From the Tippecanoe Circuit Court.

*J. M. Larue* and *F. B. Everett*, for appellant.

*G. S. Orth* and *J. Park*, for appellee.

HOWK, J.—In this case the appellee sued the appellant, in the Benton Circuit Court, to recover damages for certain alleged breaches of the covenants contained in a certain deed, executed on the 20th day of August, 1875, by the appellant to the appellee, whereby the appellant, in consideration of $850.00 to him paid by the appellee, conveyed and warranted to the latter lot No. 336 in the original plat of the town of Fowler, in Benton County, Indiana.

In his complaint, the appellee alleged, *inter alia*, that the appellant, in and by his said deed, covenanted that he was lawfully seized of said property, that he had good right to convey the same, that he guaranteed the quiet possession thereof, that the same was free from all incumbrances, and that he would warrant and defend the title thereto against all lawful claims; and the appellee averred, that the appellant was not, at the date of said deed, lawfully seized of said property, but that one Boynton was then the owner thereof; by reason whereof the appellee was afterward, on the —— day of January, 1876, by due course of law, evicted from said property.

And, for a further breach of said covenants, the appellee averred that the appellant had not at the date of said deed, nor had he since, a good and sufficient title to said property; by reason whereof the appellee was afterward, on the 29th day of January, 1876, evicted and dispossessed of said property, by due course of law.

And, for a further breach of said covenants, the appellee averred that, at the date of said deed, said property was not free from incumbrances; but that one John C. Bansemer then held a mortgage on the same for, to wit, the sum of five hundred dollars; and that afterward such proceedings were had, in the circuit court of said Benton

county, the appellant being a party to said proceedings and having notice thereof, that said mortgage was foreclosed and said property sold by the sheriff of said county, under said judgment of foreclosure, and said Bansemer became the purchaser thereof; whereby the appellee was ousted and evicted from the possession of said property, and said Bansemer then obtained and still retained such possession, to the great damage of the appellee. Wherefore, etc.

By the agreement of the parties, the venue of the cause was changed to the Tippecanoe Circuit Court. The appellant moved the court in writing to require the appellee to separate his cause of action into several and distinct paragraphs, which motion was overruled, and to this ruling the appellant excepted and filed his bill of exceptions No. 1.

The appellant then moved the court in writing to strike out a certain part of the complaint, which motion was overruled, and to this decision he excepted. He also moved the court to compel the appellee to separate his complaint into two paragraphs, which motion the court overruled, and to this ruling the appellant excepted and filed his bill of exceptions No. 2.

The appellant demurred separately, for the want of sufficient facts, to each of the breaches assigned in the complaint, which demurrers were overruled by the court, and to these decisions he excepted. He then answered the appellee's complaint, by a general denial thereof.

The issues joined were tried by the court, and a finding was made for the appellee, assessing his damages in the sum of $979.62. The appellant moved the court for a new trial, which motion was overruled, and to this decision he excepted and filed his bill of exceptions No. 4. The court then rendered judgment on its finding, and from this judgment this appeal is now here prosecuted.

In this court, the appellant has assigned, as errors, the several decisions of the court below in overruling his motions to separate the complaint into paragraphs, and his separate demurrers to the several breaches assigned in the complaint, and his motion for a new trial.

We will consider and decide such questions only as the appellant's counsel have presented and discussed in their brief of this cause, in this court; and, in so doing, we will take up and pass upon those questions in the same order in which counsel have presented them. It is earnestly insisted, on behalf of the appellant, that the court erred in overruling his motions to require the appellee to separate his complaint into paragraphs, in such manner that each breach of covenant, relied upon as a cause of action, should be stated in a separate paragraph.

It seems to us, however, that no good purpose would be subserved by requiring the grantee in a general warranty deed, who may bring an action to recover damages for the alleged breach of two or more of the covenants contained in his deed, to state the alleged breaches of each of such covenants, in a separate and distinct paragraph. It is obvious, that the statement of all the breaches relied upon in a single paragraph of complaint would relieve the pleader from the repetition of much formal and descriptive matter, and we cannot see how any party to the suit could be harmed thereby. The complaint must, of course, state facts sufficient to constitute substantially a cause of action by each particular breach of each particular covenant in the deed, upon which the plaintiff bases his action; and where several breaches have been stated in a single complaint or paragraph, it follows, of necessity, that the sufficiency of each breach may be separately tested by a demurrer thereto, in the same manner and to the same extent as if such breach had been pleaded in a separate paragraph. This rule of

pleading has long been recognized by this court, as applicable to suits upon the bonds of administrators and guardians. *Reno* v. *Tyson*, 24 Ind. 56; *Colburn* v. *The State*, 47 Ind. 310. In the recent case of *Mustard* v. *Hoppess*, *ante*, p. 324, which was a suit by the taxpayers of a township to enjoin the collection of a railroad tax, assigning many grounds of objections thereto, it was held that each of such grounds, of objections need not be stated in a separate paragraph of complaint, and that the sufficiency of each objection might be tested by a separate demurrer thereto. The same rules of pleading may well be extended, we think, to suits for the recovery of damages for alleged breaches of the covenants in a deed.

For the reasons given, we are of the opinion, that the court did not err in overruling appellant's motion to separate the appellee's complaint into paragraphs.

The next point made by the appellant, in argument, is, that the court erred in overruling his demurrer to the third breach assigned in appellee's complaint. The objection to this breach is thus stated by counsel: " From any thing that appears in the breach, Bansemer's mortgage might have been executed (as it was), by one who had no title to the property; and this covenant only extends to actual encumbrances." It is true, no doubt, that the covenant against encumbrances, in a warranty deed, only extends to actual encumbrances; but it seems to us that it was alleged in said third breach (a summary of which is given in our statement of this case), with sufficient clearness and certainty to withstand the demurrer thereto, that the Bansemer mortgage was an actual encumbrance on the property described in the deed, at the date thereof. The breach assigned was sufficient in its averments; and if the breach was not true, as counsel intimate, this would or might have been shown by the evidence, or failure of evidence, on the trial of this cause. The court did not

err, we think, in overruling the demurrer to the third breach assigned in appellee's complaint.

In his motion for a new trial, the appellant assigned as causes therefor, that the finding of the court was contrary to law, and that it was not sustained by sufficient evidence.

We are of the opinion that the court clearly erred in overruling this motion for a new trial. It was admitted on the trial, that the appellant held the legal title of the lot in controversy, immediately prior to his deed to the appellee, " subject to liens and equities, if any." It was alleged by appellee, in his complaint, that, at the date of said deed, the lot was incumbered by a mortgage thereon, held by one John C. Bansemer. The appellee's evidence on the trial of the cause shows that the mortgage to Bansemer was executed by Francis A. Boynton and Mollie R., his wife; but this evidence wholly fails to show that either of the Boyntons, the mortgagors to Bansemer, ever had any title, interest or estate in or to the lot in controversy, as against the appellant. Not only so, but the appellant's evidence, which is uncontradicted on this point, shows that Boynton had no other estate in the lot, except such as he got under a lease from the appellant, whereby he agreed to pay the appellant rent for the lot at two dollars per month, and had the right to remove therefrom the building or " shanty," which he had moved thereon. With such a title to the lot and the building thereon, the evidence showed that the Boyntons executed the mortgage to Bansemer, which the appellee alleged, in his complaint in this case, was an incumbrance on the lot, at the date of his deed thereof from the appellant. In his own evidence, the appellee admitted that he " bought no house;" and the house was all that the Boyntons owned and could give a valid mortgage on.

In his complaint in the case at bar, the appellee alleged

that, at the date of his deed from the appellant, the mort-
gage from the Boyntons to Bansemer was an incumbrance
on the lot described in the deed; but the evidence failed
to sustain this allegation. It was also alleged in said com-
plaint, that, when said mortgage was foreclosed, the appel-
lant was a party to said proceedings and had notice there-
of; but the evidence showed that his demurrer to the com-
plaint in the foreclosure suit was sustained by the court,
and on this ruling he had judgment in his favor, in that
suit.

The evidence further showed, that, although the appellee
was a defendant to the suit to foreclose the said mortgage
to Bansemer, and appeared and answered the complaint in
said suit, yet, before the trial of that cause, he withdrew
both his appearance and answer, and suffered a judgment
by default to be rendered against him for the sale of the
said lot so conveyed to him by the appellant.

In his complaint in this case, the appellee further alleged,
that, by reason of the said incumbrance on said lot, and of
the proceedings had thereon and thereunder, he was ousted
and evicted from the possession of said property; and said
Bansemer then obtained and still retained such possession.
We need hardly say that these allegations were material,
and yet there is no evidence in the record which tended,
even remotely, to sustain them. The appellee was a wit-
ness on the trial of this cause; but, if he had ever been
ousted and evicted from the possession of said property, or
if he ever yielded such possession to what he supposed to
be a paramount title, he failed to testify to any such fact.
There is no evidence in the record that Bansemer ever
had, or claimed to have, any title to, or right to the pos-
session of, said property. It was not claimed by the ap-
pellee in his complaint, or shown by his evidence on the
trial, that the possession of said property had ever been
recovered from him, or any one claiming under him, in

any suit for that purpose. If, as we may suppose, the appellee intended to claim that he had been evicted from said property, because he had yielded the possession thereof to a paramount title, then it was incumbent on the appellee in a suit, such as this, on the covenants in the defendant's deed, to show by sufficient evidence, not only that he had yielded the possession of the property to what he supposed, or was claimed, to be a paramount title, but that the title to which he had thus yielded was, in fact, paramount to the title of any one else to such property. *Woodford* v. *Leavenworth,* 14 Ind. 311 ; *Marvin* v. *Applegate,* 18 Ind. 425 ; *Crance* v. *Collenbaugh,* 47 Ind. 256. On each of these points, as it seems to us, the appellee has wholly failed to sustain his case by sufficient evidence.

For the reason given, we think that the appellant's motion for a new trial ought to have been sustained.

The judgment is reversed, at the appellee's costs, and the cause is remanded for a new trial.