DOUGLASS ET UX. *v.* KEEHN.

No. 6816.

| 71 | 97 |
| 130 | 429 |
| 71 | 97 |
| 132 | 551 |

PROMISSORY NOTE —*Copy.*—*Complaint.*—*Objection Waived.*—In an action upon a promissory note and to foreclose a mortgage given for purchase-money of real estate, the transcript of the record in the Supreme Court showed that the note was filed with the complaint as an exhibit, and remained on file until taken therefrom by the attorney for the defendant, by permission of the attorney for the plaintiff; that, at the time the demurrer was considered, the court remarked that neither the note nor a copy thereof was filed with the complaint; and that thereupon the attorney for the defendant remarked in open court, that "he was not making

that objection to the complaint," and the note was then placed on file and remained with the complaint, at the trial, finding and judgment, and had since so remained.

*Held,* that the note was properly filed with the complaint.

*Held,* also, that the defendant, by his counsel, virtually waived the objection to the complaint for want of the exhibit, at the time the demurrer was decided, and that he will not be permitted to urge such objection in the Supreme Court.

PLEADING.—*Answer.—Copy of Deed.—Demurrer.*—In such action, an answer thereto, alleging a breach of the covenants of the deed of conveyance, but setting out neither the deed nor a copy thereof, is insufficient on demurrer.

RECORD.—*Amendment of.*—An amendment of the record of the cause by the trial court, on due notice, must be appealed from, to be questioned.

From the Kosciusko Circuit Court.

*C. Clemans* and *A. C. Clemans,* for appellants.

*S. J. North,* —— *Higbee* and *J. H. Carpenter,* for appellee.

BIDDLE, C. J.—Complaint by the appellee, against the appellants, upon a promissory note made by John L. Douglass to the appellee, dated May 3d, 1875, due one year from date, for $187.50. The note is secured by a mortgage on certain lands described, lying in Kosciusko county, executed by Douglass and his wife, who are the appellants. Prayer for judgment on the note, and a decree of foreclosure of the mortgage. A demurrer to the complaint for want of facts was overruled. Answer: denial, and a special paragraph alleging the following facts :

That, in the year 1873, Zebulon Clover was the owner of the real estate described in the mortgage ; that, while he was such owner, August Trentman recovered a judgment against said Clover and John A. McDaniel, in the Kosciusko Circuit Court, on the 11th day of September, 1873, for $126.17 and costs, and also recovered another judgment, in the same court, on the same day, for $50 and costs ; and that Clover owned said real estate, and was in possession thereof, at the time said judgments were rendered against

him; that on the 4th day of May, 1875, the said Zebulon Clover sold and conveyed said real estate by deed to the said plaintiff, and on the 5th day of May, 1875, the plaintiff conveyed the said real estate to the defendants by warranty deed, and that the claim sued upon by the plaintiff is for the balance of the purchase-money; that there is due the plaintiff the sum of $136.18, and that the claim due to Trentman, against said real estate, is now $268.15, over and above the amount due to the plaintiffs; that the said Clover and McDaniel are wholly insolvent, and that Trentman is about to collect his judgments out of said real estate, upon which they are incumbrances and valid liens. Wherefore they pray that the plaintiff be enjoined from prosecuting the present suit until he pays off or removes said liens.

To this special paragraph, a demurrer for want of facts was sustained. Trial by the court; finding for plaintiff; motion in arrest of judgment overruled; judgment; and decree of foreclosure and sale.

The assignments of error here are:

1. Overruling the demurrer to the complaint;
2. Sustaining the demurrer to the counter-claim; and,
3. Overruling the motion in arrest of judgment.

The objection taken to the complaint is, that no copy of the note was filed therewith. This, by the transcript, appeared to be true at the time the appellants filed their brief; but, by a *certiorari*, a complete transcript of the record has been brought before us, which shows the following facts:

That, at the time the complaint was filed, the original note was filed with it as an exhibit, and remained on file until Commodore Clemans, attorney for the appellants, desired to take said note to Pierceton, Indiana, to show it to his clients, which desire was granted by the attorney of the appellee, and the note was withdrawn, and so taken

from the files by the said Clemans. At the time the demurrer to the complaint was considered, the court remarked to the parties that neither the note nor a copy thereof was with the complaint. The counsel for appellee then took the note from the hands of said Clemans and informed the court that he had so given the note to Clemans for the purpose aforesaid, whereupon Clemans remarked, in open court, that "he was not making that objection to the complaint." The appellee's counsel then replaced the note with the complaint, and the court overruled the demurrer. The note remained on file with the complaint at the trial, finding and judgment, and has since so remained on file.

This state of facts shows that the note was properly filed with the complaint, was on file at the time the demurrer was decided, and at the trial, finding, and rendition of judgment, and has ever since remained on file. It also shows that the appellant, by his counsel, virtually waived the objection to the complaint for want of the exhibit, at the time the demurrer was decided. To allow a party to waive an objection to a complaint in the court below, and then renew it in this court, is a practice we can not approve. The complaint is sufficient, and, being sufficient, the motion in arrest of judgment was properly overruled.

The special paragraph is insufficient, if for no other reason, for want of a copy of the deed of warranty from the plaintiff to the defendants upon which it is founded. The following cases are in point: *Church* v. *Fisher*, 40 Ind. 145; *Laughery* v. *McLean*, 14 Ind. 106; *Woodford* v. *Leavenworth*, 14 Ind. 311; *Coleman* v. *Hart*, 25 Ind. 256; *Cartright* v. *Briggs*, 41 Ind. 184; *Starkey* v. *Neese*, 30 Ind. 222.

The judgment is affirmed, at the costs of the appellants.

ON PETITION FOR A REHEARING.

BIDDLE, J.—In this case, a *certiorari* was granted June 17th, 1879, on motion of the appellee, to bring up a com-

plete record. Upon the affidavit of Commodore Clemans, counsel for appellants, this *certiorari* was set aside. On the 27th day of May, 1880, an affidavit and motion on behalf of appellee were filed for another *certiorari* to complete the record. Service of this affidavit and motion was acknowledged by Commodore Clemans on the 24th day of May, 1880, as attorney of appellants. On the 4th day of June, 1880, Commodore Clemans appeared in this court, as attorney for the appellants, by filing the affidavits of J. L. Douglass and Maggie Douglass, resisting the *certiorari*. Upon a full hearing and consideration, the *certiorari* was granted on the 15th day of June, 1880, to which the clerk below made return on the 22d day of June, 1880, as stated in the opinion, which return was filed in this court on the 25th day of June, 1880. The cause was decided on the 24th day of September, 1880.

In the face of this record, Commodore Clemans uses the following language, in his petition for a rehearing :

" The court decided this case upon an *ex parte* affidavit made by one of the counsel for appellee, filed in this court; it was set forth, as we are informed in an affidavit, that the ruling of the court below upon the demurrer was waived orally by appellants' counsel.        *        *        *        *
And, as for the affidavit made in this court, it was made without *us* having an opportunity to see it in the hands of the judge, where we had no right to it."

The case was not decided " upon an *ex parte* affidavit made by one of the counsel for the appellee." It was decided upon the amended record, duly certified to this court. The counsel below appeared to the motion to amend the record, and resisted it, and had his right of appeal, if he had desired to take it. The record shows that the counsel for appellant had been permitted to take the note which was filed as an exhibit, from the files, for a purpose of his own; that its absence in his hands,

from the files, was the reason why a copy of it was not in the first transcript brought to this court.

He did not appeal from the action of the court in correcting the record, and no such question is presented in the case.

The counsel had an opportunity to see the affidavit in this court, for a *certiorari*. He had full notice of the affidavit and motion, which was acknowledged over his own signature. He did see the affidavit and motion, appeared and resisted them, as stated. All of this is matter of record.

It seems to us that the counsel has fallen into a serious error, in thus mistaking the record, and the grounds of the decision of this court, and in forgetting his own acts, which are a part of the record. We think the judgment is right. The petition for a rehearing is therefore overruled.

Original opinion filed at May term, 1880.
Opinion on petition for a rehearing filed at November term, 1880.