## WILLIAM WALKER v. C. H. KIRSHNER *et al.*
### No. 27.

1. EVICTION—*Paramount Title—Proof.*   In a suit against a war-
rantor on covenants, in a deed wherein the plaintiff claims that
he was evicted from the property in question because he had
yielded the possession thereof to a paramount title, it is incum-
bent on him to show not only that he yielded possession of the
property to what he supposed or was claimed to be the paramount
title, but that the title to which he had thus yielded was in fact
paramount to the title of any one else.

2. SPECIAL BREACH—*Pleading and Proof.*   And in such an action,
where the assignment of the breach is special, the special breach
averred must be the breach proven; otherwise there will be a fatal
variance between the allegations and the proof.

MEMORANDUM.— Error from Saline district court; R. F. THOMPSON, judge.   Action by C. H. Kirshner and E. W. Blair, assignees of J. A. Fisher, against The Union Pacific Railway Company and others. Judgment against the defendant William Walker, who brings the case here.   Reversed.   The opinion herein was filed November 11, 1895.

*R. A. Lovitt*, for plaintiff in error.

*C. H. Kirshner*, and *E. W. Blair*, defendants in error, for themselves.

The opinion of the court was delivered by

GILKESON, P. J. : This was an action brought by C. H. Kirshner and E. W. Blair, assignees of one J. A. Fisher, plaintiffs, against The Union Pacific Railway Company, William Walker, and Ann Walker, defendants, in the district court of Saline county, Kansas, upon alleged breach of covenants of warranty.   Trial had before court and jury ; general verdict and special findings returned by jury ; judgment rendered thereon against the defendant William Walker for the sum of $399 and costs.   William Walker brings the case here for review upon petition in error and case-made.

The petition in the court below sets forth : On December 17, 1881, the Union Pacific Railway Company, in consideration of the sum of $198.78, conveyed to William Walker by deed of general warranty the following tract of land : The southeast quarter of the southwest quarter of section 9, township 14 south, of range 1 west, containing 40 acres ; that on August 18, 1883, William Walker and wife, in consideration of the sum of $555, conveyed the same land by deed

of general warranty to one J. A. Fisher; that on September 17, 1884, Jesse A. Fisher and wife, in consideration of the sum of $900, conveyed the same land by deed of general warranty to one William A. Martin; that on March 23, 1888, William A. Martin and wife, in consideration of the sum of $900, conveyed the same land by deed of general warranty to one J. A. Fisher; that on the 16th day of November, 1888, the said Jesse A. Fisher was ousted and dispossessed from all of said land and tenements by a paramount title in the government of the United States, and that by virtue of a certain assignment, to wit: "For value received, we hereby sell, assign and transfer unto C. H. Kirshner and E. W. Blair all my interest, right, title, demand, claim and cause of action against the Union Pacific Railway Company and William Walker and Ann Walker for breach of covenants of warranty in the sale and conveyance to me of the southeast quarter of the southwest quarter of section 9, township 14 south, of range 1 west, in Saline county, Kansas, (signed) J. A. FISHER," the said Kirshner and Blair became entitled to all the rights of the said Jesse A. Fisher, and pray judgment against the said defendants, the Union Pacific Railway Company and William Walker and Ann Walker, jointly, for the sum of $1,000. The record discloses that after the action was commenced a judgment was recovered against the Union Pacific Railway Company, on the 17th of June, 1890, in the sum of $236, in favor of Kirshner and Blair, which was paid by the company to Kirshner and Blair, and was received by them in full satisfaction of the claim against the company.

In an action by the grantee to recover damages for the breach of covenant contained in a deed, and the

plaintiff claims to have yielded possession to a paramount title, it is incumbent upon him to show by sufficient evidence *not only* that he yielded the possession of the property to what he supposed to be a paramount title, but that such title was, in fact, paramount to the title of any one else to such property. (*Sheetz v. Longlois*, 69 Ind. 491; *Clark v. Mumford*, 62 Tex. 531.)

In this case the petition alleged that the defendants covenanted in and by their deed that they were lawfully seized of the property; that the same was free and clear of all incumbrances; that they guaranteed the quiet and peaceable possession thereof, and that they would warrant and defend the title thereto against all lawful claims, etc.; that the defendants, at the time they executed their said deeds, did not have a good and sufficient title to said premises, but that the paramount title to said land was at that time in the United States government; that by virtue of said paramount title the said Fisher was evicted, on or about November 16, 1888. These are material allegations; yet there is no evidence in the record that tended to sustain them. Fisher's testimony was twice taken in this action, but if he had ever been ousted and evicted from the possession of this property, or if he yielded possession to what he supposed to be a paramount title, he failed to testify to any such fact. His testimony on this point is:

" Ques. You say you took possession of the 40 acres after the purchase: how long did you continue in possession of the 40 acres above described? Ans. I had possession or control of the 40 acres up to about the early part of 1888, when another party got control through filing a claim for the 40 acres in the land office. Since then I have had no possession or control of the 40 acres."

If we take the records of the United States land office (which were introduced over the objection of the defendant) to be competent as evidence of eviction, but not to establish that the recovery or eviction was under paramount title as against Walker, who was not a party or privy thereto (*Clark v. Mumford*, 62 Tex. 531; Rawle, Cov., p. 229), we find that at the time of the execution of the deeds there was no assertion of outstanding title, not even a claim of this kind, as all of the deeds were executed between December, 1881, and April, 1886, and the contest shown by the United States land office records was not instituted until some time in 1887, and not finally decided, nor did it go into effect, until October 20, 1888. Yet the testimony of Fisher shows that long prior to this decision he ceased to have any possession or control of this land. How, then, can it be said that he yielded possession to a paramount title, or to what he supposed to be a paramount title, of which the evidence fails to show he had any knowledge? Did he ever investigate the matter of title in any manner before he left the land? The record is silent as to this, and, from all that appears therein, Fisher may have sold the land, parted with all his title, early in 1888, and to the party who he claims got control of it by filing on the same in the United States land office, though there is no competent evidence of any such filing having been made. Nor is it conceded or admitted in this case that the title was in the government. Now, if he surrendered possession to some party claiming to have the right of entry, but who had no such right "early in the year 1888," then it cannot be said he yielded possession to the paramount title. If the plaintiff yields possession without suit to a paramount title, in a suit against his warrantor on covenant he

assumes the burden of showing that the title to which he yielded was the paramount title. (*Clark v. Mumford*, 62 Tex. 531; *Woodford v. Leavenworth*, 14 Ind. 311; *Marvin v. Applegate*, 18 id. 425; *Crance v. Collenbaugh*; 47 id. 256; *Sheetz v. Longlois*, 69 id. 499.)

The eviction or ouster was not pleaded in general terms, but a particular kind of eviction was alleged, and an issue was joined thereon. The evidence should have supported the allegation. It does not. A party cannot allege one thing, and, to support the same, prove a state of facts dissimilar thereto. (*Garvey v. Fowler*, 4 Sandf. 665; *U. P. Rly. Co. v. Young*, 8 Kan. 658; *K. P. Rly. Co. v. Dunmeyer*, 19 id. 539.)

In *Dugger v. Oglesby*, 3 Bradw. 94, it was held:

"In the case of covenants for quiet enjoyment and general warranty, the assignment of a breach must be special; otherwise the covenantee might recover for an eviction occasioned by his own acts. The special breach averred must be the breach proven; otherwise there will be a variance." See, also, *Owen v. Thomas*, 33 Ill. 320; *Marston v. Hobbs*, 2 Mass. 437; *Fowler v. Payne*, 6 Barb. 165.

We think the plaintiffs below have wholly failed to sustain their case by sufficient evidence, and that the variance between the breach averred and the one proven is fatal.

The judgment in this case will be reversed, and the case remanded for further proceedings therein, in accordance with this opinion.

All the Judges concurring.