# CHARLESTON.

## MORGAN v. DAVIS.

Submitted April 25, 1916.    Decided May 2, 1916.

COVENANTS—*Performance or Breach—Warranty.*

Where a lot of ground is conveyed by metes and bounds, and an adjoining lot is later conveyed by the same grantor to different parties, and the calls of the second deed extend to, and the land is bounded in part by one of the lines laid down in the first deed, and the grantees in the second deed extend their boundaries by crossing over the line mentioned as a common line and take possession of land inside the boundaries of the land conveyed by the first deed, the persons so taking possession are trespassers; and this is not such eviction of the grantee in the first deed as will sustain an action against his grantor for breach of covenants of warranty.

Error to Circuit Court, Marion County.

Action by Lloyd E. Morgan against Daniel M. Davis. Judgment for plaintiff, and defendant brings error.

*Reversed and rendered.*

*Scott C. Lowe* and *Jas. A. Meredith,* for plaintiff in error.

*Harry Shaw,* for defendant in error.

MASON, JUDGE:

This is an action of covenant brought by Lloyd E. Morgan, plaintiff, against Daniel M. Davis, defendant, in the Intermediate Court of Marion County.  There was a judgment against the defendant for $156, and appeal applied for to the circuit court of Marion County.  The appeal was refused by the circuit court, and writ of error was allowed by a judge of this court.  The view that we take of the case makes it unnecessary to pass on much of the evidence found in the record.  The action is based upon a deed executed by said Davis and wife, dated the 12th day of April, 1902, conveying to the plaintiff, with covenants of general warranty, a certain parcel of land in Fairmont district, Marion County, described as "Beginning at the Fairmont and Clarksburg Turnpike and

fronting fifty feet on said Turnpike, and extending back * * * one hundred and fifty feet, a uniform width of said frontage fifty feet.''

The declaration avers that on the 29th day of August, 1905, and before plaintiff's said deed was admitted to record, the defendant Davis sold and conveyed to Mary E. Larkin and others, a block of 26 feet by 50 feet off of and from the rear end of the lot mentioned in the first deed, (that is off the lot theretofore sold to plaintiff); that said last named grantees were purchasers of said ''block'' of land without notice of the sale of the said land to the plaintiff; and that by reason of said Mary E. Larkin and others having this said deed, conveying the same land before conveyed to the plaintiff, admitted to record before the deed made to plaintiff was admitted to record, the said Mary E. Larkin and others became entitled to said block of land by a good title, better than the title of the plaintiff, and in consequence and by reason thereof the plaintiff has been disturbed in and evicted from the possession and enjoyment of said block of land, a part of the said lot or parcel of land conveyed to plaintiff by said first deed, leaving the plaintiff a lot only 50 by 124 feet.

The defendant demurred to the declaration, and the demurrer being overruled, pleaded ''covenants performed'' and ''covenants not broken'' and the statute of limitations. Issues were joined on these pleas, and a jury empanelled. There was a verdict for the plaintiff for $156.00. Defendant moved to set aside the verdict and grant a new trial; the motion was overruled, and the defendant excepted. There is a bill of exceptions certifying all the evidence, and bills certifying instructions asked for and refused.

Upon the trial, the deed made by defendant to plaintiff, dated April 12, 1902, was introduced. It was admitted to record in the office of the clerk of the county court of Marion County on the 19th day of May, 1906. The deed made by the defendant and wife to Mary E. Larkin, dated the 29th day of August, 1905, and admitted to record in said clerk's office, September 19, 1905, was also introduced as evidence. The description of the real estate so conveyed to Mary E. Larkin and others is as follows: ''Beginning at the Fairmont and

Clarksburg Turnpike, corner to lot formerly owned by Jerome Hobbs, and running thence N. 62 W. 227 feet to the lands of R. R. McCray; thence N. 32 E. 139½ feet to the corner of the land of Charles McCray; thence with his line S. 52 E. 82 feet to the corner of L. E. Morgan lot; thence with line of said Morgan Lot S. 37° 50′ W. 50 feet to a stake; thence S. 52. E. 150 feet to said turnpike, thence with said Turnpike Road S. 37° 50′ 43 feet to the place of beginning.''

The plaintiff was examined as a witness, and said that before the sale was consummated and before the deed to him was made, he and the defendant met at the lot; that there was an old fence along the side of the pike, which he understood to mark the line of the turnpike; that he in the presence of the defendant stepped off 150 feet from this fence; that defendant was present all the time and made no objection to this; that they then closed the contract. The deed, as will be seen, describes the boundaries of the lot as ''beginning at the Fairmont and Clarksburg Turnpike and fronting 50 feet on said turnpike,'' etc. The controversy between the parties is in the main as to whether the measurement of the line should begin at the edge or side of the turnpike, or from the center of the road. The defendant argues, that being a public road, the owner of the adjacent land would run to the center of the road, subject to the easement in the public for road purposes. The plaintiff insists that by the calls of his deed and the circumstances he proves, the measurement should commence at the edge of the road at the old fence shown him when he bought the lot. We think the interpretation of the plaintiff is correct. The trial judge so held, and we affirm him on this point.

There is no doubt about the fact that by measuring one hundred and fifty feet from the edge of the road, Mary E. Larkin and others have enclosed twenty-six feet of the land belonging to the plaintiff. It should be borne in mind that the deed to plaintiff was made about three years before the deed to Mary E. Larkin and others was made. There is no conflict in the deeds. The Larkin deed does not purport to convey any land theretofore conveyed to the plaintiff. On the contrary, it conveys only to plaintiff's line. The Larkin

deed describes the land as running with McCray's line to the corner of plaintiff's lot, and then with his line fifty feet. So that if the grantees under the Larkin deed have gone beyond the plaintiff's line and taken possession of any of plaintiff's land, it is not authorized by their deed. The lot was conveyed to plaintiff in 1902, and if he permitted any one to take possession of it in 1905 without title, it was his fault. If he shall lose by not having had his deed recorded, he can not complain of defendant. The defendant did not sell or convey to Mary E. Larkin and others any land inside of the plaintiff's survey. Permitting Mary E. Larkin and others to take possession in this way, does not amount to such eviction in law as would make the defendant liable upon his covenant in the deed. There being no eviction proven, the court should have given to the jury Instruction No. 2 asked for, as follows: "The court instructs the jury to return a verdict in favor of the defendant." This instruction was refused, and the defendant excepted.

The judgment of the Intermediate Court of Marion County will have to be reversed, and this court will enter such judgment as that court should have entered, directing judgment for the defendant in this court.

*Reversed and rendered.*