(December 4, 1922.)

TURNER TRUST COMPANY, a Corporation, Respondent, v. SAM GILLETT and M. N. GILLETT, Appellants.

[210 Pac. 1001.]

WATER RIGHT — COVENANT OF WARRANTY — BREACH OF — PARAMOUNT TITLE.

In order to establish a breach of a covenant of warranty, the covenantee must allege and prove that the adverse title or right of which he complains is valid and paramount.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Action on promissory note. Judgment for plaintiff. *Affirmed.*

J. M. Stevens, for Appellants.

Budge & Merrill, for Respondent.

Counsel cite no authorities on point decided.

McCARTHY, J.—This is an action on a promissory note executed and delivered to respondent by appellants. As an affirmative defense, appellants, who were defendants in the court below, alleged that they entered into an agreement with respondent by which it sold and promised to deliver to them sufficient water in the Bancroft Land & Irrigation Com-

pany's canal to irrigate 80 acres of land at the agreed price of $400, of which amount $40 was paid in cash, and appellants executed and delivered the promissory note sued on, for the balance; that, as a part of said agreement, respondent warranted that it had title to the water right, that appellants demanded the water and the canal company refused to deliver it, and that they have never received said water or any part thereof. Appellants also set up the same facts in a cross-complaint and prayed for damages in the sum of $1,040. In its answer to the cross-complaint respondent alleged that it did not warrant title to the water right, nor agree to deliver the water, but merely agreed to transfer what interest it had. At the close of the evidence, on respondent's motion, the court directed the jury to render a verdict for respondent, and against appellants, in the sum of $604.20, that being the amount of principal and interest on the note plus $75, which the parties stipulated to be a reasonable attorney fee if respondent was entitled to recover. Such a verdict was returned by the jury and judgment entered. From this judgment the appeal is taken. The one specification of error is that the court erred in instructing the jury that the defendants had failed to prove a legal defense to the note sued upon and in directing the jury to return a verdict for the plaintiff.

The contract was executed by respondent, party of the first part, and appellant Sam Gillett, party of the second part. It provided that respondent agreed to sell and convey, and said appellant agreed to buy, that certain water right in Bannock county, state of Idaho, particularly described as follows, to wit:

"A right to use the water from the canal known as the Cache Valley Canal or the canal of the Bancroft Land and Irrigation Company, a corporation, sufficient in quantity to properly and permanently irrigate eighty (80) acres of land; such right being a portion of that certain water right conveyed to Clarence E. Brainard by the Cache Valley Canal Company by warranty deed dated October 22, 1892, which is found of record in Book '3' of Deeds at page 535 of the

records of Bannock County, Idaho, which said right was decreed to be a valid and existing right by the District Court of the United States for the District of Idaho in and by that certain decree bearing date May 1, 1899, which is found of record in Judgment Book '1' page 28 of the records of said Court and by which said decree or judgment the said right was confirmed in the said Clarence E. Brainard and in his successor or successor in interest, for the sum of four hundred dollars ($400.00), lawful money of the United States of America, and the said party of the second part in consideration of the premises agree to pay to the said party of the first part, its successors or assigns, the said sum of four hundred dollars ($400.00), as follows, to wit":

Said appellant agreed to pay all water rates and assessments levied upon the water right. It was further agreed that, in case of default on his part in complying with the agreement, respondent should be released from all obligations and might take possession of the property, and that, upon payment in full being made, respondent should deliver to said appellant a good and sufficient deed to the water right.

While the point is not raised by the appellants it will be noted that this contract does not bind respondent to sell a water right for any given number of cubic feet or miner's inches of water. The language used is "sufficient in quantity to properly and permanently irrigate 80 acres of land"; and the water right called for is "a portion of that certain water right conveyed to Clarence E. Brainard," etc.

This uncertainty, however, does not make the contract void. In order to determine just how much water was called for by the contract resort could be had to parole testimony. (*Hayes v. Flesher*, 34 Ida. 13, 198 Pac. 678.) It is clear, however, from the contract that the respondent did not agree to deliver the water but simply to sell the water right. The water was to be delivered from the canal of the Bancroft Land & Irrigation Company. Appellants' only defense was total failure of consideration. In support of this defense they alleged and proved merely that the canal company refused to deliver them any water, not that the water right

which respondent agreed to sell them did not entitle them to the water called for by the contract. Conceding for the sake of argument, but not holding, that appellants are right in their contention that respondent warranted by the contract that the water right which it agreed to sell was a valid water right, appellants could not sustain their defense of failure of consideration, or their cross-complaint, by mere proof that the canal company refused to deliver water. It was incumbent upon them to show that the refusal was right and lawful, that it was asserted by reason of, and supported by, a title superior or paramount to that of respondent. In order to establish a breach of a covenant of warranty the covenantee must show that the adverse title or right of which he complains is in fact valid and paramount. (*McMullen v. Butler*, 117 Cal. 845, 45 S. E. 258; *Sheets v. Longlois*, 69 Ind. 491; *Crance v. Collenbaugh*, 47 Ind. 256; *Walker v. Kirshner*, 2 Kan. App. 371, 42 Pac. 596; *Walker v. Robinson*, 163 Ky. 618, 174 S. W. 503; *Githens v. Barnhill* (Mo. App.), 184 S. W. 145; *Mathews v. Sylvester*, 34 Ohio C. C. 1; *Coleman v. Luetcke* (Tex. Civ. App.), 164 S. W. 1117; *Morgan v. Davis*, 78 W. Va. 270, 88 S. E. 847; 15 C. J., p. 1287, sec. 155, note 82.) In this case there was a total failure to allege or prove that the right or claim which the canal company asserted adverse to the appellants was valid or paramount. The sole defense of total failure of consideration is thus not supported by the pleading or proof, and the trial court did not err in directing a verdict for respondent.

The judgment is affirmed, with costs to respondents.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.