## W. J. CLARK ET AL. v. R. H. MUMFORD.

(Case No. 1352.)

1. EVIDENCE — EVICTION — WARRANTY.— In a suit against a warrantor on the covenants in a deed, while the record of a former suit to which the warrantor was not a party is not admissible to establish that the recovery was under a paramount title, it is yet evidence of an eviction.

2. SAME — NOTICE.— In such a case, to make the vendor liable on his covenant, he must be notified of the suit in which its sufficiency was tested in the manner prescribed by law.

3. SAME — EVIDENCE.— Even where the warrantor had no legal notice of the pendency of the former suit, yet in a suit against him on his covenant the record thereof will be admissible to establish eviction and the assertion of an adverse title, leaving the burden of proof still on warrantee to show by evidence *aliunde* that he was evicted by one having a paramount title.

4. CONVEYANCES BY MARRIED WOMEN.— In most of the states a married woman cannot, in the absence of statutory authority, execute, either alone or joined by her husband, a valid power of attorney to convey her interest in real property.

5. BREACH OF CONTRACT — EVICTION.— Though a covenant of warranty is not broken until eviction by paramount title, eviction by judgment of law is not requisite to establish the breach. The covenantee may yield to the paramount title and give possession, or else buy his peace and claim for breach of covenant.

6. SAME.— If he yields without suit to a paramount title, or buys it in, in a suit against his warrantor on covenant he assumes the burthen of showing that the title to which he yielded was the paramount title.

7. ATTORNEYS' FEES.— Attorneys' fees and costs cannot be recovered as a part of the damage in a suit upon a warranty.

APPEAL from Dallas. Tried below before the Hon. Z. Hunt.

Richard H. Mumford brought this suit against the defendants to recover of them, as heirs at law of one William Clark, damages for breach of covenant of title contained in a deed alleged to have been made by Clark to plaintiff on the 7th day of January, 1853, conveying the tract of land described in the petition and situated near the town of Covington, in the state of Tennessee, containing one hundred and forty-seven acres. It was alleged that William Clark purchased the land of the heirs of one James P. Taylor under and by virtue of a power of attorney from them to one Arthur Phillips. That at the time said power of attorney was made and the deed thereunder, it is alleged that Mrs. Evaline C. Aiken, then Mrs. Gillespie, was a married woman, and the deed under the power by reason of that fact was void; that she was one of the heirs of said Taylor, and as such was entitled to an undivided third interest in the tract of land, and had since the sale of Clark to plaintiff sued for and recovered of him an undivided one-third interest thereof;

that plaintiff had paid her the sum of $500 in satisfaction of her judgment and claim, together with the sum of $100 costs, incident to the litigation between them.

The defendants below filed their answer, consisting of general and special exceptions and general denial. Other proceedings and pleadings were had in the cause, but are not deemed material to state.

The cause was tried by the court, a jury having been waived. Judgment was rendered for the plaintiff against the defendants for $921.48, and costs of suit.

*Goldthwaite & Barksdale*, for appellants.

*Geo. R. Fearn*, for appellee, cited: Simpson v. Belvin, 37 Tex., 675; McClelland v. Moore, 48 Tex., 363; Stipe v. Stipe, 2 Head (Tenn.), 169; Chamberlain v. Preble, 11 Allen (Mass.), 370; Sisk v. Woodruff, 15 Ill., 15; Rawle on Covenants, 158–161, 229, 231, note 1, and 232.

WATTS, J. COM. APP.— This was an action for the recovery of damages on account of a breach of warranty in the sale of lands. Upon the trial the court admitted, over the objections of appellants, a transcript from the supreme court of Tennessee, including the decree by virtue of which appellee's title to an undivided one-third interest in the lands was divested out of him, and vested in Mrs. Aiken. And it is claimed that this was error for which the judgment ought to be reversed. The objections urged against the admission of the transcript were that the appellants were not parties to that suit, and that it appeared upon its face to be a consent decree.

While the record of the adverse proceeding is not admissible as evidence to establish that the eviction was under paramount title, as against those who were neither parties nor privies to the proceeding, yet it is settled by the weight of authority that such record is admissible as evidence of eviction. Rawle on Covenants for Title, page 229, etc.

The same author, on page 232, in referring to the points settled by the weight of authority, with respect to notice given to the covenantor of the adverse proceedings, says: " The notice must be distinct and unequivocal, and expressly require the party bound by the covenant to appear and defend the adverse suit." And again: " If no notice has been given, the record of such adverse suit is not even *prima facie* evidence that the title was a paramount one, though it may, under some circumstances, be evidence of eviction."

It appears that notice of the pendency of the adverse suit was

given to W. J. Clark, one of the appellants, but no request was made that he would appear and defend. But on the contrary he is at the same time informed by appellee that the real question involved had theretofore been decided adversely to him by the supreme court of Tennessee in another case. All he requested was W. J. Clark's views respecting a compromise. Then the question arises as to whether the notice was sufficient to conclude W. J. Clark by that judgment; and upon this point the authorities are not uniform. In Freeman on Judgments, § 181, the doctrine is thus stated in the language of the supreme court of California: "If a party to a suit has the right to resort to another upon his failure in the action, whether upon covenant of warranty or on the ground that he is indemnified by such third party, then it is clearly his duty to give full notice to his covenantor or indemnitor of the pendency of the suit, what it is he requires him to do in the suit, and the consequences which may follow if he neglects to defend; mere knowledge of the existence of such action is entirely insufficient to bind the party by the judgment. Unless he is notified to furnish testimony, or to defend the action or to aid in it, he may well suppose the party to be in need of no assistance, and he may well rely upon that supposition; for if the party denies his aid, it is his duty to give him a full notice, a reasonable time before the trial of the action, to enable him to prepare for it."

In Abbott's Trial Evidence, page 519, it is said: "If the covenantor was not a party on the record in the evicting judgment, the judgment will still be conclusive on him if distinct and unequivocal notice was given him expressly requiring him to appear and defend the adverse suit, and giving him reasonable opportunity to do so."

Chief Justice Dixon delivering the opinion of the court in Somers v. Schmidt, 24 Wis., 419, said: "The warrantor being notified of the suit, and having the defense tendered to him so far as it may be necessary for him to establish his title, if he had one, becomes a *quasi* party to the suit, has his day in court, and ought to be concluded by the judgment. But without such notice and request to defend, he has no such opportunity and ought not to be estopped."

Applying this doctrine to the matter under consideration, and it would seem that the notice to W. J. Clark was not sufficient to conclude him by the judgment. There was no request for him to defend, nor was the defense offered to him.

In the opinion of the writer, this doctrine is founded in error, and that the general rule, that only parties and their privies are bound by the judgment, ought to be applied to this class of cases; and by

parties I mean such only as have been made parties in some one of the modes prescribed by statute. I believe in the rule stated in Raguet *v.* Nixon, Dallam, 386, that the courts will presume nothing in relation to a party's being cited. Neither constructive nor actual notice will do, unless given in the manner prescribed by law.

By the weight of authority it seems that the proceeding in the adverse suit, notwithstanding no notice was given to appellants, would be admissible as tending to establish eviction, or to show the assertion of an adverse title; the burden being upon the appellee to establish by competent evidence that such title was paramount to that under which he claimed, the adverse proceeding would be admissible in this connection to show the assertion of such adverse title, but it would not be evidence tending to establish that it was the paramount title.

Then the next pertinent question presented by the record is this: Does the evidence as disclosed by the record establish that the title asserted by Mrs. Aiken, and against which appellee purchased his peace, was paramount to that claimed by him under the Clark deed?

This evidence establishes these facts: 1st. That Mrs. Aiken inherited with her two brothers the entire tract of land. 2d. While she was a *feme covert*, joined by her husband, and together with the two brothers, she executed a power of attorney to Archer Phillips authorizing him to convey this and other lands; and that while she was yet a *feme covert*, Phillips, by virtue of this power of attorney, conveyed the land to William Clark, and that Clark conveyed it to appellee. 3d. That the land is situated in the state of Tennessee, where all these proceedings were had, which was a common law state. 4th. That Mrs. Aiken asserted her right to an undivided third interest in the land, claiming that her right thereto had not been divested or affected by reason of the power of attorney to Phillips, and his conveyance to Clark, etc.

Undoubtedly at common law a married woman could not convey her separate real estate by deed, etc. She could divest herself of title by fine and common recovery, and in no other mode.

In Wright *v.* Dufield, 2 Baxter (Tenn.), 218, the doctrine in Tennessee is said to be that a married woman cannot convey her separate estate by title bond, or in any other way than by the joint deed of herself and husband, executed in compliance with the forms prescribed by law.

The weight of authority seems to be as stated by Justice Field in Holladay *v.* Daily, 19 Wall., 609: " In most of the states a married woman cannot, in the absence of statutory authority, execute, either

alone or in company with her husband, a valid power of attorney to convey her interest in real property." And this is understood to be the rule in Tennessee.

So it is immaterial whether the common law or the prevailing rule in that state be applied, the result is the same. Her title was not affected by reason of the power of attorney and the pretended conveyance under it.

As a sequence to these views, it must be held that the title asserted by Mrs. Aiken against appellee, and to which he yielded, was the paramount title, so established by the evidence found in the record.

And notwithstanding a covenant of warranty is not broken until eviction by paramount title, still eviction by judgment at law is not essential to establish the breach; the covenantee may yield to the paramount title and give possession, or else buy his peace and claim for breach of the covenant. But in case he does either, the burden is upon him, in a suit against the warrantor, to establish that the title to which he thus yielded was the superior and better title. Wait's Actions and Defenses, vol. 2, p. 388, and authorities cited.

It is claimed that the evidence fails to establish that the amount paid by appellee to Mrs. Aiken was reasonable. That the evidence did not show what the fee to the land burdened with the life estate was worth. The witnesses were on the stand, and testified that a third interest in the land was worth $500 or more in 1871, and one witness said that land in that immediate vicinity, at that time, was of the value of $50 per acre. Under the circumstances, we are of the opinion that the finding of the court, to the effect that the amount paid by appellee to Mrs. Aiken was reasonable, is fully sustained by the evidence.

The court below adjudged to appellee $100, the amount of attorneys' fees and costs paid by him in the suit of Mrs. Aiken against him.

As to this point the American authorities are various and conflicting. In this state, however, the doctrine is established that attorneys' fees and costs cannot be recovered as part of the damages in a suit upon the warranty. McClelland v. Moore, 48 Tex., 363.

Our conclusion is that the judgment should be reversed, and the supreme court should now here render such judgment as ought to have been rendered by the court below. That is, that appellee (plaintiff below) have and recover of and from appellants (defend-

ants below) the sum of $500, with eight per cent. per annum interest from the date of payment by appellee to Mrs. Aiken, to wit, July 1, 1871.

REVERSED AND RENDERED.

[Opinion adopted December 2, 1884.]