## JNO. BUCHANAN V. KAUFFMAN & RUNGE.

(Case No. 1832)

1. WARRANTY—VENDOR AND VENDEE—REQUEST TO DEFEND—JUDGMENT—EVIDENCE. In order that a judgment rendered at the suit of a third party against the vendee of goods sold with warranty of title, may, in an action upon the warranty, be conclusive or even admissible as evidence of any fact necessary to show failure of title, there must have been a request to the warrantor to defend the action in which the title to the goods was in controversy. (Citing Clark v. Mumford, 62 Tex., 553, and Eastman v. Ward, Dewey & Co., Galveston term, 1883.)

2. SAME—See this case for evidence held not to show such facts as would make a judgment rendered against the warrantee admissible as evidence in an action upon the warranty to prove the breach.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

John Buchanan sued Kauffman & Runge, March 26, 1883, in Galveston district court, for $1,326.33, claimed to be due him by reason of defendants' breach of express warranty of title to a stock of merchandise sold by them to him December 18, 1880, for a consideration in cash and notes (afterwards paid), amounting to something over $3,000.

Plaintiff alleged that shortly after the sale to him part of the stock was attached by writ from United States circuit court at Waco, in a suit between third parties, as the property of the defendant in that suit; that on the trial of the right of property between the attaching creditors and plaintiff, the title claimed by the latter under Kauffman & Runge failed, and he was compelled to pay, in consequence thereof, a judgment for $1,226.33, rendered in the attachment suit.

Plaintiff claimed to have notified Kauffman & Runge of the attachment proceedings, and to have requested and urged them to make their warranty effective. He also averred an earnest effort on his part to maintain his claim to the goods under the defendants' title.

The defendants answered by general demurrer and general denial. The demurrer was overruled. On the trial, the jury, under a charge of the court so directing them, rendered a verdict for the defendants, and judgment was entered in pursuance thereof. Plaintiff's motion for a new trial was overruled and the cause is here on his appeal.

The points relied on for a reversal of the judgment are sufficiently indicated in the opinion.

*Hume & Shepard,* for appellant, on the proposition that the court erred in excluding from the jury third answer in the deposition of M. D. Herring, showing notice to Kauffman & Runge of pendency of

suit involving title to the goods, request for evidence therein, and notice of appellant's intention in event of loss to hold them upon their warranty, cited. Robbins v. City of Chicago, 4 Wall., 658; Love v. Gibbons, 2 Fla., 598; Beers v. Pinney, 12 Wend., 309; Bridgeport Ins. Co., v. Wilson, 34 N. Y., 275.

*Robert G. Street*, for appellees, that the testimony was properly excluded, cited: Illies v. Fitzgerald, 11 Tex., 429; Eastham v. Ward et al., court of appeals, Galveston term, 1883; Freeman on Judg., 181; Rawle on Cov., 219, 228, 232; Paul v. Whitmore, 3 Watts & S., 410; Sommers v. Schmidt, 24 Wis., 421; Boyd v. Whitfield, 19 Ark., 447; Davis v. Wilbourne, 1 Hill (S. C.), 27; Turpen v. Thomas, 2 Hen. & M., 139.

STAYTON, ASSOCIATE JUSTICE.—The appellant relies solely on the judgment rendered against him in favor of Crow, Hargedine & Co., to establish the fact that the conveyance from Moore to appellees was fraudulent, and to establish the breach of warranty which they gave to him when he purchased the goods from them.

The only question is whether the appellant took such steps, prior to the rendition of that judgment, as make it proper evidence against the appellees to show that no title passed by their sale to him, or to make it admissible as evidence to prove the breach of warranty.

The evidence bearing upon this question was that of M. D. Herring, who testified by deposition in answer to an interrogatory which required him to state whether, as counsel for appellant he requested the appellees to defend the suit of Crow, Hargedine & Co. against appellant, to which he answered as follows:

"Some time after we were employed in the case, and while we were preparing it for trial, I called at the office of Kauffman & Runge at Galveston, with a view of talking to them about the case; met Mr. Runge, of Kauffman & Runge, and explained to him my business. At first he appeared indifferent about the matter, and I told him all about the nature of the suit, and that the goods which John Buchanan had bought from Kauffman & Runge had been seized for a debt of R. M. Moore; that Buchanan had set up claim to the goods in the Federal court at Waco, and, if he lost in the suit, that he would hold Kauffman & Runge liable on the warranty contained in their bill of sale to John Buchanan. Mr. Runge then appeard to take some interest in the matter, and introduced me to his book-keeper, Mr. Ruhl, who, he said, would give me information on the subject, and then Mr. Ruhl talked to me about the matter in his presence,

telling me that the purchase from Moore by Kauffman & Runge was *bona fide*, and the sale to Buchanan was likewise, and showed me how the matter stood on the books of Kauffman & Runge. After returning to Waco I propounded interrogatories to Mr. Ruhl, which were crossed by opposing counsel, all of which he answered, as shown by his depositions taken in the case of Crow, Hargedine & Co. *v.* John Buchanan. The interview spoken of with Mr. Runge occurred some time in January or February, while the supreme court was in session at Galveston, but I cannot remember whether it was in 1881 or 1882, but I think it was in 1882."

Herring was one of the attorneys for Buchanan in the suit between him and Crow, Hargedine & Co. When this evidence was offered it was objected to by appellees. Whereupon, on demand of the court, the plaintiff stated that the object of the evidence was to show that plaintiff had given defendants notice of the pendency of the suit, of his desire for them to assist him with their evidence, and of plaintiff's expectation to look to them for indemnity in case the property should be lost in the pending suit; and that the notice was given in a reasonable time, and thereby to conclude defendants, through the judgment, in so far as the paramount title to the property is concerned. It was also contended that, if not conclusive, the evidence nevertheless had the effect to make the judgment *prima facie* evidence of the paramount title of plaintiff therein. The court sustained the objections, to which ruling the plaintiff excepted.

The counsel for defendants objected to the answer on the ground that it was inadmissible, because not sufficient to conclude defendants by reason of the judgment rendered in the cause involving the title to the property, for the reason that it was not notice to defendants to defend or assist in defending that cause.

Taking the testimony of Herring as proving, or sufficient to prove, every fact to which it relates, we are of the opinion that it does not show such facts as will make a judgment rendered against the warrantee admissible to prove the breach of warranty in an action upon it. This question was considered in the case of Clarke *v.* Mumford, 62 Tex., 533, and also in the case of Eastham *v.* Ward, Dewey & Co., decided at Galveston term, 1883, and not reported.

These cases, in effect, hold that there must be a request to the warrantor to defend the action in which the title to the thing warranted is in controversy. We think this a sound rule, and do not feel authorized to sanction a loose method by which a person may be so connected with a cause, without being actually made a party to it in some manner recognized as sufficient in law, as to make the judgment

to be rendered in it conclusive, or even admissible as evidence of any fact necessary to show the failure of title to property sold with warranty. Cases bearing upon this question are cited in the cases referred to.

If there had been any other evidence in the case tending to show a request to the appellees to defend the action, then the evidence of Herring should have been admitted, for it tended to show that the warrantors were notified of some facts, of which it would be necessary to give them notice in order to make the judgment rendered evidence against them. The statement of Buchanan evidently has reference to what was said and done by his counsel Herring, and if not, this should have been shown. It cannot be presumed from anything which appears in the record before us. We are therefore of the opinion that the court did not err in excluding the evidence of Herring, and as there was no proof of such facts as would render the appellees liable upon their warranty, it was not error to direct a verdict for the defendants.

There was nothing to prevent the appellant from proving the facts which would show the breach of warranty. No such facts were proved, but he relied on the judgment against himself as sufficient proof of everything necessary to entitle him to recover. In this he made a mistake, from the consequences of which we have no power to relieve him. The judgment must be affirmed.

AFFIRMED.

[Opinion delivered December 18, 1885.]