## C. C. DAUGHERTY v. H. H. BELEW.

### (No. 2865.)

APPEAL from Collin County.    Opinion by HURT, J.

ABERNATHY BROS, counsel for appellant.

W. S. SPROLES, counsel for appellee.

§ 395. *Warranty of title to land; breach of; case stated.*   One Williams conveyed to appellee Belew two tracts of land by warranty deed.   Belew executed a note for a part of the purchase money of said land, which note was recited in said deed, and constituted a valid vendor's lien upon the land.   Belew thereafter sold and conveyed by warranty deed the said land to one Stimson, who in like manner sold and conveyed the same to one Warden, who in like manner sold and conveyed the same to appellant.   Said purchase-money note came into the hands of one Dement, who sued Belew thereon, joining appellant in said suit as a defendant, and said Dement recovered judgment in said suit.   Under process issued upon said judgment said land was advertised for sale, and, to prevent the sale, appellant paid off said judgment and then brought this suit against all of said warrantors for damages for breach of their said warranties.   Judgment was rendered for the defendants, the cause having been tried by the judge without a jury. *Held* error.   Upon the facts as alleged and proved, the plaintiff, appellant, should have recovered judgment against the defendants for the amount paid by him in discharge of said judgment, said amount being less than

468

the amount he had paid for the land when he purchased it. [Clark v. Mumford, 62 Tex. 535.]

November 28, 1888.          Reversed and remanded.