### O'CONOR et al. v. SANCHEZ et al.
### (No. 183–3219.)

(Commission of Appeals of Texas, Section A. March 23, 1921.)

1. Partition ⬅116(1)—Decree between cotenants held to create a general warranty of title.

A decree of partition between cotenants creates under the provisions of Rev. St. 1911, art. 6115, a warranty of title similar to a general warranty expressed in a deed.

2. Partition ⬅116(1)—Plaintiff seeking repartition on failure of title must show ouster.

Where land was partitioned between cotenants and subsequently some of them brought suit for repartition because the title to land decreed plaintiffs had failed, they were not entitled to recover where they offered no evidence of ouster under paramount title nor to show that the defendants were requested to defend the suits under which the state took the land decreed to plaintiffs.

3. Partition ⬅116(1)—Cotenant seeking repartition for failure of title must show defect by paramount title.

Where land was partitioned among cotenants and some of them brought suit against others for a repartition because the land decreed to them had been recovered by the state as a part of its domain, *held*, that plaintiffs

were bound, whether suing upon a warranty or upon failure of consideration, to prove as a basis for recovery that the state's title to the lands in question was paramount.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by Thomas O'Conor and others against Dario Sanchez and others in trespass to try title, in which other parties intervened. Judgment for defendants against plaintiffs and interveners, and the latter appealed to the Court of Civil Appeals, which affirmed the judgment (202 S. W. 1005), and Thomas O'Conor and others bring error. Judgments of the trial court and of the Court of Appeals affirmed.

H. G. Dickinson, of Laredo, for plaintiffs in error.

Greer & Hamilton, of Laredo, Hicks, Hicks, Dickson & Bobbitt, of San Antonio, Wm. Aubrey, of San Antonio, and Jno. C. Scott, of Corpus Christi, for defendants in error.

TAYLOR, J. Arthur E. Spohn and several others, claiming to be the owners in common of a tract of land, entered into a written agreement as to the extent of their respective interests. The land was situated in Webb county, and was known as the Palafox or Joaquin Galan tract.

The agreement recited that the parties were the owners of the land and that there should be allotted by partition to them their respective undivided interests, as follows: To A. E. Spohn, A. C. Hamilton, K. S. Hamilton, J. M. Ward, trustee, Henry Spohn, and H. J. Hamilton, in common, 24,024 acres; to Abraham de la Garza, 30,036 acres; to Rosendo Garcia, 5,280 acres; to Elizabeth Ann Hebberd, Helena Hebberd, James Hebberd, and Thomas Hebberd, 1,878 acres in common; to Thomas O'Conor, 18,021 acres; and to Dario Sanchez, 4,018 acres.

A suit was filed for the purpose of partition. The cause was styled Arthur E. Spohn et al. v. Thomas O'Conor et al., and was numbered 891 on the docket of the court. On October 3, 1892, the plaintiffs and defendants caused a preliminary judgment to be entered, embodying the partition agreement. The judgment concluded with a recital decreeing the parties to be the owners of the land claimed in the proportionate interests expressed in the agreement, named commissioners of partition, and directed that they partition the land. The commissioners thereafter made their report, which was confirmed and approved without objection.

On May 16, 1893, final judgment in partition was rendered in accordance with the report, by which shares in the land were allotted as follows: To A. E. Spohn, A. C. Hamilton, K. S. Hamilton, J. W. Ward, trustee, and Henry Spohn, in common, 25,880.86 acres; to Abraham de la Garza, 29,666.37 acres; to Rosendo Garcia, 5,680.38 acres; to Helena, James, Thomas W., and Elizabeth Ann Hebberd, 2,022.13 acres; to Thomas O'Conor, 19,410 acres; to Dario Sanchez, 11,311.92 acres; and to Julia and Charles Atkinson in common 5,260.07 acres.

Beginning in July, 1901, the state of Texas by a series of suits recovered from A. E. Spohn, and several others holding under the partition, the lands allotted to them respectively. The acreage of the tracts partitioned and not recovered or claimed by the state aggregated 35,131 acres.

Thomas O'Conor, being one of those evicted by the state, brought this action in trespass to try title against his surviving farmer cotenants, and those in possession under his deceased cotenants, in trespass to try title, for repartition of that portion of the land not recovered by the state, or, in the alternative, for damages for breach of statutory warranty.

He alleged that the defect in the title to the land which had been allotted to him existed at and prior to the time of filing the decree of partition, and during the time it was held by him and his cotenants; that they at no time had any title to the land partitioned to him, but that it belonged to the state; that the defect in title was not known to him at any time prior to the rendition of the judgment of the court in which the state filed suit for the recovery of the land; that the partition decree was rendered inadvertently and under a misapprehension of the true state of the title; that the parties to the decree were mutually mistaken as to the extent of the land to which they as tenants in common held a valid title; and that he did not acquire by the decree any title to the land from which he had been ousted.

The other parties to the partition, or those claiming under them, who also lost their lands to the state, intervened in the suit filed by O'Conor. They pleaded for their respective causes of action the same facts pleaded by him in respect to the title, and prayed for the same character of relief.

Defendants pleaded, among other defenses, first, that Thomas O'Conor and Abraham de la Garza desired to receive the land allotted to them respectively, because it was more valuable than that on the east side of the tract, acre for acre; that they had knowledge prior to the judgment of partition of the defect in title to the land they desired, and agreed to have it allotted to them and assumed the risk of the defect, in consideration of obtaining the same acreage as they would have obtained if all the land had been of equal value; that plaintiffs were therefore estopped to claim any of the lands set aside to defendants; and, second, that they

(the defendants) were not notified of the pendency of the suits brought by the state and were unable to defend the title, and that consequently plaintiff and interveners were not entitled to recover.

Some of the defendants pleaded cross-actions against the other parties to the suit who held the 35,131 acres, but it is not necessary to state the nature of their respective claims.

The cause was submitted for trial without a jury, and the court rendered judgment against the plaintiffs and interveners and in favor of defendants. The Court of Civil Appeals affirmed the judgment. 202 S. W. 1005. The trial court's second conclusion of law is as follows:

"Thomas O'Conor and Abraham de la Garza, in consideration of their assuming the risk of the title to the lands allotted to them in the partition decree in cause 891, having received as their shares better and more valuable lands fronting on the Rio Grande at the same estimated value per acre as the much less valuable lands away from the river, where the other parties to said decree received their allotments, and such assumption of risk of title, on the part of O'Conor and Garza, being the consideration which induced the other parties to the partition decree to allow them to take their lands fronting on the river, neither said O'Conor or the interveners herein claiming under Abraham de la Garza should be permitted to recover anything of and from the other parties to this suit on account of the failure of the title to the portions of the land so awarded to said O'Conor and Abraham de la Garza."

The testimony of Dario Sanchez and others was made the basis of the foregoing conclusion. Plaintiffs objected to the admission of the testimony. Bills of exceptions were taken to the action of the court in admitting it, and errors based thereon were complained of by plaintiffs in assignments presented in the Court of Civil Appeals. The court on motion of appellees struck out the bills of exception and refused to consider the assignments. The Supreme Court granted a writ of error under the view that the exceptions should have been considered.

In view of the conclusion we have reached as to the correctness of the trial court's judgment based upon its findings and conclusion upon another issue of the case, it will be unnecessary to discuss the assignment on which the writ was granted.

[1] The relief to which plaintiffs in error were entitled, if any, was in virtue of article 6115, R. S. 1911, which is as follows:

"The decree of the court confirming the report of the commissioners in partition, when a partition has been made shall vest the title in each party to whom a share has been allotted, to such share as against the other parties to such partition suit, their heirs, executors, administrators or assigns, as fully and effectually as the deed of such parties could vest the same, and shall have the same force and effect as a full warranty deed of conveyance from such other parties and each of them."

We concur in the holding of the Court of Civil Appeals that a decree of partition, such as was entered in this case, creates under the provisions of the foregoing statute a warranty of title similar to a general warranty expressed in a deed. Harn v. Phelps, 65 Tex. 592; Bigham v. Bigham, 57 Tex. 238.

[2] It was incumbent upon plaintiffs in error, in order to recover upon the statutory warranty, to establish that they were ousted from their lands by paramount title.

As proof of such ouster they introduced in evidence the three judgments of the district court in which the state was decreed title to the land. They proved also that they prosecuted appeals from the adverse judgments; that the Supreme Court of the United States finally denied their respective applications for writs of error, whereupon they gave up and abandoned their respective claims to the lands.

Plaintiffs in error offered no testimony other than that stated above to show that they were ousted from their lands by virtue of a paramount outstanding title.

Dario Sanchez, one of the defendants in error, testified that he knew of the pendency of the suits by the state to recover the land allotted to Thomas O'Conor and Abraham de la Garza; that he testified in a deposition in the case against O'Conor, but was not invited to defend in any of the suits. Another of defendants in error, a lawyer in Laredo at the time, testified that he knew of the pending suits and talked "considerably" with attorneys representing plaintiffs in error concerning them. He was not invited to come in and assist in the defense.

The foregoing is the testimony, in substance, introduced by plaintiffs in error concerning the character of notice defendants in error had of the pendency of the suits by the state.

The trial court's third conclusion of law is as follows:

"Plaintiff and interveners having failed to show that they were ousted by paramount title from the lands allotted to them in said partition and having failed to show that they had notified their coparceners, or either of them, of the pendency of said suits and having failed to request their said coparceners to defend said suits, are not entitled to the relief prayed for by them in this case."

Plaintiffs in error complain that the foregoing conclusion was made the basis of the judgment against them.

Clark v. Mumford, 62 Tex. 531, was an action for the recovery of damages on account of a breach of warranty. A transcript of judgment was offered to establish eviction under a paramount title. Judge Watts,

speaking for the Commission of Appeals, says:

"The burden being upon the appellee to establish by competent evidence that such title was paramount to that under which he claimed, the adverse proceeding would be admissible in this connection to show the *assertion* of such adverse title, *but it would not be evidence tending to establish that it was the paramount title.*" (Italics ours.)

The foregoing excerpt was but a restatement of the law as announced by Judge Wheeler in Peck v. Hensley, 20 Tex. 673. ·

In Buchanan v. Kauffman & Runge, 65 Tex. 235, the only question to be determined was whether the warrantee took such steps prior to the rendition of the judgment in which the title of the warrantor failed as were necessary to make the judgment admissible as evidence to prove the breach of warranty. Judge Stayton, after reviewing the evidence of one Herring showing that the warrantor knew of the pendency of the suit in which the judgment was rendered, says:

"Taking the testimony of Herring as proving, or sufficient to prove, every fact to which it relates, we are of the opinion that it does not show such facts as will make a judgment rendered against the warrantee admissible to prove the breach of warranty in an action upon it. This question was considered in the case of Clark v. Mumford, 62 Tex. 531, and also in the case of Eastham v. Ward, Dewey & Co., ·decided at Galveston term, 1883, and not reported.

"These cases, in effect, hold that there must be a request to the warrantor to defend the action in which the title to the thing warranted is in controversy. We think this a sound rule, and do not feel authorized to sanction a loose method by which a party may be so connected with a cause, without being actually made a party to it in some manner recognized as sufficient in law, as to make the judgment to be rendered in it conclusive, or even admissible as evidence of any fact necessary to show the failure of title to property sold with warranty."

The Court of Civil Appeals were inclined to believe that the trial court erred in finding that the evidence failed to prove that plaintiffs in error were ousted from their lands by paramount title existing at the time of the partition decree, but, because of the affirmance of the trial court based upon the second conclusion of law quoted above, made no ruling upon the question.

In view of the fact that plaintiffs in error offered no evidence of ouster under paramount title, and no evidence to show that defendants in error were requested to defend the suits by the state, the trial court was not in error in its third conclusion of law.

Plaintiffs in error cite Simpson v. Belvin, 37 Tex. 674. in support of their contention that the testimony introduced by them was sufficient as a basis for recovery under the statutory warranty. It is held in the case cited that proof of eviction under a judgment of a court of competent jurisdiction is sufficient, although notice was not given the warrantor of the pendency of the action; but the holding is not in harmony with either the prior or subsequent holdings of the Supreme Court. Peck v. Hensley, supra; Buchanan v. Kauffman & Runge, supra. See, also, Annotations L. R. A. 1918B, p. 52.

[3] Plaintiffs in error contend also that they are entitled to recover under the warranty regardless of whether they notify defendants in error of the pendency of the suits by the state, on the ground that such suits were for the recovery of a part of the public domain, citing Lamb v. James, 87 Tex. 485, 29 S. W. 647, and Cattle Co. v. Bedford, 91 Tex. 646, 44 S. W. 410, 45 S. W. 554.

We find nothing in the cases cited that would serve to relieve plaintiffs in error from proving as a basis for recovery—whether suing upon a warranty, or upon a failure of consideration—that the state's title to the lands in question was paramount. The holdings in the cases referred to are not pertinent.

The trial court was not in error in its third conclusion of law. Judgment based thereon was properly rendered for defendants in error, regardless of whether the court erred in its second conclusion; and is entitled to be affirmed. Simmons et al. v. Dickson (Sup.) 218 S. W. 365; Buchanan v. Kauffman & Runge, supra.

We recommend that the judgments of the trial court and Court of Civil Appeals be' affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

---

⬯For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes